## AXTELL *v.* AXTELL.

No. 10697.   AUGUST 6, 1935.

*Bussey & Fulcher,* for plaintiff in error.

*Richard L. Merrick, Nathan Jolles,* and *C. W. Killebrew,* contra.

BECK, Presiding Justice.   Mrs. Madeline Axtell brought an equitable suit in Richmond superior court against Silas Blake Axtell, seeking to have a decree and judgment in a divorce suit obtained in that court set aside and canceled.   In her petition she alleges she is a resident of the State of New Jersey, and that the defendant is a resident of the State of New York.   She further alleges in substance as follows: The defendant deserted the plaintiff in December, 1925.   Prior to that time, and during the time they lived together as husband and wife, the defendant, with the active help and assistance of the plaintiff, accumulated a large estate in realty and other property, naming the properties in the State of New York.   As his lawful wife, under the laws of the State of New York, she had a vested interest or dower right of one third of all

his property, and was entitled to a support allowance in addition thereto. Upon a complaint filed by her in the courts of the State of New York, after their separation, the defendant was ordered to pay to her as a support allowance $225 per month. He paid this allowance until about May 1, 1927, when he entered into a conspiracy with plaintiff's attorney, the object and purpose of which was to defraud plaintiff out of her dower interest and rights in the property named, as well as the alimony support allowance. As a part of and in furtherance of the conspiracy, the defendant, acting by and through plaintiff's attorney, represented to her that he would settle her claim of dower and alimony allowance in full upon the condition that she procure a divorce a vinculo matrimonii, granting both parties a total divorce. Plaintiff, being advised by her attorney that this was the best and only legal way to proceed and obtain a settlement, being wholly ignorant as to such matters, and trusting implicitly in the advice of her attorney, agreed to do as requested. She came to Augusta, Georgia, about June, 1927, and in July, 1927, she filed in Richmond superior court a suit for divorce, alleging her residence to be in Richmond County, and that her husband's whereabouts were unknown. Upon this petition a divorce decree was granted after two verdicts. She charges that while she appeared as plaintiff in the divorce proceeding, the action was in reality the action of the defendant, instituted and paid for by him, as part of the alleged conspiracy to cast her off and defraud her out of her property rights. She has never desired a divorce, and only consented because advised that in no other way could she obtain a proper and legal settlement from her husband. Having procured the divorce in the manner stated, defendant failed and refused to make any settlement with plaintiff, and discontinued the monthly allowance formerly granted by the New York court. Plaintiff prays that the decree of divorce be set aside and canceled, that she have such other relief as she may be entitled to, and that the defendant be served by publication in the manner provided by the statutes of this State.

To this petition certain amendments were filed, which it is not necessary to set out. The defendant filed a plea to the jurisdiction, and demurred on several grounds. The court overruled both the plea and the demurrer, and the defendant excepted.

Substantially there are two questions presented, and the rulings

upon these questions are controlling in the case. The first question is: Is the service by publication, which is shown to have been duly had, sufficient to authorize the court to take jurisdiction of the case and render an equitable decree therein, where no personal service on the defendant is had and no attachment on his property? It is contended that service by publication was not sufficient, because the statutes under which the service by publication was had and perfected are unconstitutional on the ground that the statute contained in the Code of 1933, § 81-204, violates certain provisions of the constitutions of the State of Georgia and of the United States. The statute referred to reads as follows: "Service on non-residents. If the defendant in an equitable proceeding does not reside in the State, service of the petition or any order of the court may be made by publication. If the non-resident defendant is represented in court by an attorney at law or in fact, service on such attorney shall be sufficient. And in all cases not embraced within the foregoing provisions, the judge may prescribe for extraordinary service according to the exigencies of each case." It is contended that the provision of this statute for service by publication violates article 1, section 1, paragraph 3, of the State constitution, which relates to life, liberty, and property, and violates the fourteenth amendment of the constitution of the United States, relating to citizenship, and embraced in the Code of 1933, § 1-815. If this were a proceeding in personam, where a judgment in personam was sought, there might be merit in the contention. We do not pass upon that question. But the real question is, are the Georgia statutes providing for service by publication unconstitutional as applied to a proceeding in rem? We are of the opinion that this is a proceeding in rem. The proceeding is one to have set aside a decree of divorce in a court of this State rendered in a former case, on the ground that the same was fraudulently obtained. Speaking of the defendant in a proceeding for divorce, this court, in *Fleming* v. *Wesl,* 98 *Ga.* 778 (27 S. E. 157), said: "If he was a non-resident of the State, service could be made by publication; but while service of a non-resident of the State by publication, if made conformably to the statute, would be sufficient to give the court jurisdiction of the defendant so far as to authorize a decree for divorce, it has been held that it would not give jurisdiction so far as to authorize also a decree for alimony; that while the decree in such a

case is in rem in so far as it adjudicates as to the marital status, yet if it undertakes as an incident of the divorce proceeding to deal with property rights of the defendant, it becomes in that respect a proceeding in personam." And so in the present case, neither under the allegations of the petition nor under the prayers will the court have to deal with property rights of the defendant. While in *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359), it was held, "A judgment in personam for temporary alimony and attorney's fees can not be lawfully rendered in a divorce suit brought against a non-resident husband, who is not served with process within this State, and does not appear in the case, but is only constructively served by publication," nevertheless the rule laid down in the case of *Fleming* v. *West,* supra, was recognized. If the original proceeding between Mrs. Axtell and her husband, a divorce case, was a proceeding in rem, then we think it necessarily follows that the proceeding to set aside that decree is also a proceeding in rem; and being a proceeding in rem, a statute providing for service by publication is not unconstitutional for any of the reasons urged, nor in violation of any of the sections of the State and Federal constitutions referred to above. The court did not err in overruling the plea to the jurisdiction and the demurrer raising the contention that the plaintiff's case was barred on the ground that she did not come into the court of equity with clean hands, that she had participated in the fraud alleged as grounds for setting aside the decree, and that she was barred by laches.

*Judgment affirmed. All the Justices concur, except Gilbert and Bell, JJ., who dissent.*

GILBERT, Justice, dissenting. In my opinion the court clearly erred in not dismissing the petition for lack of jurisdiction. According to the record, neither the plaintiff nor the defendant was a resident at the time the present petition was filed or at any other time. The petition alleges that the petitioner is a resident of Newark, N. J., and the defendant a resident of New York, N. Y. As to the litigation between them the courts of this State have no jurisdiction. In the majority opinion the jurisdiction is sustained on the theory that, as to the marriage relation between the parties, there existed what is known as a status which would support a proceeding in rem. In *Fleming* v. *West,* 98 *Ga.* 778 (supra), such a

proceeding was referred to as one in rem. Obviously the expression was carelessly used, since there was nothing in the case to call for such a definition, and it is well established that a divorce proceeding is not regarded as a proceeding in rem. In *Joyner* v. *Joyner,* 131 *Ga.* 218, 220 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220), this court quoted and adopted the ruling in Haddock *v.* Haddock, 201 U. S. 562 (26 Sup. Ct. 525, 50 L. ed. 867, 5 Ann. Cas. 1): "A suit for divorce brought in a State other than the domicile of matrimony, against a wife who is still domiciled therein, is not a proceeding in rem." In the *Joyner* case the divorce proceeding was denominated as "quasi in rem." It was said: "The only instance in which a judgment, entitled to obligatory enforcement in other States, can be obtained against a non-resident defendant, based upon constructive service of process, is where the proceeding is one in rem, and the res is within the jurisdiction of the court rendering the judgment. Woodruff *v.* Taylor, 20 Vt. 65. And, as was pointed out in Haddock's case, 'A suit for divorce brought in a State other than the domicile of matrimony, against a wife who is still domiciled therein, is not a proceeding justifying the court to enter a decree as to the res, or marriage relation, entitled to be enforced outside of the territorial jurisdiction of the court. See also Borden *v.* Fitch, 15 Johns. (N. Y.) 121 (8 Am. D. 225).' " It is alleged in the present petition that the divorce proceeding was instituted in Richmond superior court of this State, and that the final decree of divorce was rendered therein. If that decree is valid, the marriage status no longer existed when the present suit was instituted; but if by any theory the marriage status could be such that it still existed for the purpose of the present suit, it also must be said to exist, not in the State of Georgia, but in New Jersey or in New York. It never existed in Georgia. Only one of the parties, the wife, ever came to Georgia. The husband, so far as the record shows, had never been in Georgia. The domicile of the wife is ordinarily that of the husband. She can, however, establish her own domicile by separating from her husband and bona fide residing at any place within any State that she prefers, for the required length of time. Residence in that respect means domicile. *Cochran* v. *Cochran,* 173 *Ga.* 856, 862 (162 S. E. 99); *Dicks* v. *Dicks,* 177 *Ga.* 379, 382 (170 S. E. 245). Did the wife in the present instance establish a

domicile in Georgia for a sufficient length of time to authorize the filing of a suit for divorce in this State? In this State the residence (domicile) must be bona fide and for twelve months before the filing of the application for divorce. Code of 1933, § 30-107. In *House* v. *House,* 25 *Ga.* 473, this court held, so far as applicable to this case: "A court has no jurisdiction over a case in which neither of the parties is . . a citizen or a resident of the State." See *Louisiana State Rice Milling Co.* v. *Mente,* 173 *Ga.* 1 (159 S. E. 497). An amendment to the petition in the present case alleges that the petitioner's husband caused her to allege, in the original petition for a divorce, that "she had been a legal resident of said State twelve months previous to the filing of the petition for divorce, which said statement was incorrect in that petitioner had never been a resident of the State of Georgia, and such statement was merely part of the plan and conspiracy devised by the defendant in order to obtain the divorce herein mentioned, and said fact was well known to the defendant, Silas Blake Axtell; and your petitioner, expecting the settlement and having the trust hereinbefore mentioned, made such allegation at the instance of the defendant, acting by and through the attorneys herein alleged." According to that allegation, the petitioner in the present case herself necessarily knew that the allegation as to residence in Georgia was untrue. Although she was induced by the fraud of her husband and her attorney to institute the proceeding and to make the allegation, it is beyond controversy that she was aware of the fact that she was alleging an untruth. As to the divorce suit, the superior court of Richmond County was without jurisdiction, and no court would experience any trouble whatever in declaring the decree to be void if that question were presented to it. The divorce decree can not in any way affect the marriage status or afford any basis for the present suit. It was a fraud on the court, participated in by all of the parties, the husband, the wife, and the wife's attorney, according to the allegations of the petition. A number of constitutional questions are raised as to the validity of service by publication in the present case. The law on those questions is too plain to require detailed discussion. It is well settled that the courts of one State have no extraterritorial jurisdiction, except as to judgments in rem. Pennoyer *v.* Neff, 95 U. S. 714; *Irons* v. *American National Bank,* 178 *Ga.* 160 (5), 176 (172 S.

E. 629). As shown above, this is not a proceeding in rem or quasi in rem. The divorce decree rendered in Richmond superior court may be constitutionally attacked in any State where jurisdiction of the parties may be had. It appears from the record that New York has such jurisdiction. In that State the decree may be attacked collaterally on the ground that it is void. It has been so decided in many cases, including the famous case of Haddock v. Haddock, supra, and in *Cochran* v. *Cochran,* the opinion in which case cited the *Haddock* case and a number of other cases to the same effect. The Court of Appeals, the highest court of New York, as late as November, 1930, left no room for doubt that the courts of New York, on proof of the facts as alleged, will render complete and adequate relief. It was there held, on a similar state of facts: "The invalidity of the Nevada decree is not open to doubt in this State" (citing Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. ed. 794; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. ed. 867, 5 Ann. Cas. 1; Olmsted v. Olmsted, 216 U. S. 386, 30 Sup. Ct. 292, 54 L. ed. 930, 25 L. R. A. (N. S.) 1292; Baumann v. Baumann, 250 N. Y. 382, 165 N. E. 819; 2 Bishop on Marriage, Divorce, and Separation, § 102); "and the courts below have not otherwise decided." Fischer v. Fischer, 254 N. Y. 463 (173 N. E. 680, 681). Jurisdiction is essential to the rendition of a valid judgment. Where the court is without jurisdiction the judgment is void, even though the plaintiff in good faith believed that the court had such power over all the parties. The Code of 1910, § 2950, in effect at the time of the original suit for divorce (Code of 1933, § 30-107), provided: "No court in this State shall grant divorce of any character to any person who has not been a bona fide resident of the State twelve months before the filing of the application for divorce." Bona fides is material in determining whether one has acquired such residence. But where it is admitted, as alleged in this case, that such residence has not been acquired, it is immaterial that the petitioner was advised by her counsel and bona fide believed that she had done so. The fact remains that the requirements of the statute were not met. In *Dicks* v. *Dicks,* supra, the husband filed a suit in Muscogee superior court, being advised by his counsel that actual residence in Fort Benning for twelve months would afford jurisdiction in the court. He did so reside, and in good faith both he and his

counsel believed that the court had jurisdiction. He was an officer in the United States Army, stationed in Fort Benning. His wife, according to the petition, resided in Muscogee County. This court held, that, though he was a soldier in the United States Army and resided in Fort Benning, he did not acquire a domicile in this State, and that the court was without jurisdiction of the case. So, in the matter of the jurisdiction of the court, the good faith of the petitioner can not confer jurisdiction where the petitioner has not complied with the statute as to domicile. It may be urged that a suit in New York, as suggested above, may be met with the charge that the wife was a party to the fraud on the court and is estopped. That issue, if raised in New York (and it is raised in this case), will be governed by the same principles of law as apply in Georgia. If the husband was legally served or acknowledged service, jurisdiction was nevertheless not afforded in the divorce suit here involved. The parties can not confer jurisdiction by agreement. In *Dicks* v. *Dicks,* supra, the defendant was actually within the county where the suit was filed, was personally served, appeared, entered pleadings, and sought affirmative relief. The petitioner had not acquired a legal domicile, and the suit was dismissed for lack of jurisdiction. Mr. Justice Bell concurs in this dissent.