### AXTELL v. AXTELL; *et vice versa.*

Nos. 11460, 11461. OCTOBER 14, 1936.

*Nathan Jolles* and *C. Wesley Killebrew,* for plaintiff.

*Bussey & Fulcher,* for defendant.

BECK, Presiding Justice. The petition was held good against demurrer, in *Axtell* v. *Axtell,* 181 *Ga.* 24 (181 S. E. 295). On a trial the jury found against it, and the petitioner has taken this writ of error, contending that the evidence required a finding that she had never been a resident of Georgia before suing for the attacked decree of divorce, and consequently required a verdict annulling it; and that the judge erred in instructing the jury that in order to obtain an annulment they must find both that fact and that a fraud was committed on her by a conspiracy between her husband and her attorney, as alleged in the petition. The allegations of the petition were summarized in our former opinion. They made the case that by fraud and collusion between her husband and her own attorney she had been duped into obtaining the divorce in order to get a promised settlement of her right to alimony and dower, and that the divorce when decreed had been used to defeat those rights. The petition concludes thus: "The decree having been obtained in the manner and for the fraudulent purposes aforesaid, the same is illegal, null and void, and should be so declared by this honorable court." The evidence in the present record wholly fails to show any such fraudulent collusion, or that the petitioner was deceived or duped. It shows clearly that she and her husband while living in New York separated in 1923, and that during 1924, 1925, and 1926 they were litigating *actively* in that State, each seeking a divorce from the other on the ground of infidelity, which is the only one recognized there. Her pecuniary rights as wife also were in contest. In June, 1927, an elaborate written settlement was executed by both, by which they were to live separately; each was to expunge the charges of infidelity made against the other, and to dismiss their suits; Mrs. Axtell was to release all claims to support and maintenance and to execute all required releases of dower rights, and Mr. Axtell was to place in bank $5000, to be delivered $3500 to her and $1500 to her attorney, in full settlement of all claims when either he or she should obtain a divorce in any State. It was recited that she claimed to have established a residence in Georgia and was contemplating a suit for divorce there on the ground of desertion. She filed suit accordingly, in the superior court of Richmond County, in July

following, making oath to the allegation that she had been a bona fide resident of Georgia for twelve months preceding, as required by our statute. Axtell acknowledged service, and did not defend. She obtained on her own testimony given by deposition, in which she repeated that she had resided in Georgia for twelve months, two verdicts for total divorce and a decree by which her husband also was permitted to remarry. The $5000 was collected from the bank. She married another man, but the marriage has been annulled. Axtell also remarried, and now is living with his wife and has three children by her. None of these persons lives or has ever lived in Georgia, unless Mrs. Axtell resided here for twelve months as she at first swore. She now testifies, with corroboration by her sister, that she never came to Georgia except on two brief trips with her attorney to file the divorce proceeding and to deliver her deposition. By an amendment she alleged in an incidental way that she had falsely stated her Georgia residence in the divorce proceeding, but no prayer for annulment on that ground was added. In argument here, however, reliance is placed wholly on this want of residence to defeat the divorce. Beside her previous sworn admissions there was some evidence of her presence in Georgia in 1926.

Mrs. Axtell's effort was to set aside, as a fraudulent contrivance to defeat her pecuniary and property rights, the divorce decree obtained in Georgia. She failed to prove that case. Under the facts proved, and assuming the truth of her present testimony concerning her residence, she either obtained the Georgia divorce on her own plan to get the $5000, or else in collusion with her husband in evasion of the New York and the Georgia divorce laws. In so far as her present appeal to equity is an effort to remove an obstacle to her pecuniary rights, she is an ordinary litigant and bound by the usual rule that she must come into equity with clean hands, without laches, and that she is estopped to complain of a judgment self-induced. In so far as her case seeks by annulling a divorce decree, regular on its face, to refix her marriage status and affect that of her former husband and his present wife and children, it is in rem, and for reasons of public policy perhaps not to be controlled by the equitable principles above referred to. But on the showing which she now makes, the res in question is not one to be dealt with in Georgia. The matrimonial domicile at separation was in New York. Neither party to the marriage lives in Georgia

or ever has. The new family, whose integrity also is at stake though its members are not parties to this case, do not reside in Georgia. The status of none of them is of any interest or concerr to Georgia. This State ought not to meddle with it. *Cochran* v. *Cochran,* 173 *Ga.* 856, 866 (162 S. E. 99) ; DeBouchel *v.* Candler, 296 Fed. 48, and cit. The validity of the Georgia decree of divorce and its effect on the alimony rights of Mrs. Axtell and on the status of herself, her former husband, and his present family ought to be left for determination to the courts of the States having to do with them. If Mrs. Axtell was a bona fide resident of Georgia, as she alleged when she applied for the divorce, the decree ought not to be set aside as invalid. If she was not, it may be void, but a Georgia court of equity ought not under the circumstances to undertake so to adjudge. The result reached below, regardless of the accuracy of the court's charge, was the correct one, and is affirmed; but this judgment, for the reasons stated, is not to be taken as concluding the question of Mrs. Axtell's residence in 1926 and 1927. The cross-bill of exceptions, complaining of rulings on evidence, is dismissed.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Atkinson, J., absent because of illness.*