## HICKS *v.* HICKS.

No. 12229. JUNE 24, 1938.

*Oliver & Oliver,* for plaintiff.

ATKINSON, Presiding Justice. On May 22, 1937, Andrew T. Hicks instituted an action in the superior court of Chatham County, Georgia, against Mrs. Hulia Lockett, also known as Hicks. The petition contained substantially the following allegations: The defendant has never been a resident of Georgia, and is now a resident of the State of Virginia. On April 18, 1933, the defendant, then a resident of Charleston, South Carolina, filed in the superior court of Chatham County, Georgia, a suit for divorce against William Raymond Lockett, whose last known address was Petersburg, Virginia. In her petition for divorce, in order to show jurisdiction of the court, she falsely alleged that she was then a resident of Chatham County and had been such for more than twelve months before filing of the petition. She thus perpetrated a fraud upon the court. As appears of record from the

affidavit of the representative of the newspaper, the publications of the notices appeared in the newspaper on April 18 and 29, and May 25 and 31, 1933, which was not a compliance with the statute which contemplates that the first publication shall be two full months before the opening of the term of court to which the petition is returnable; and consequently proper service was not made, and the court did not acquire jurisdiction. On June 5, 1933, the case was marked "in default" on call of the appearance docket. On trial of the case on November 2, during the October term, the petitioner for divorce falsely testified that she was a bona fide resident of the county and had been such for more than twelve months before the date of the filing of her suit. A first verdict for divorce was returned. On December 6 a second verdict for divorce, based on the same allegations and similar evidence, was returned. On these two verdicts a purported decree, signed by the attorney alone, declared the marriage "to be set aside and dissolved." This was not entered on the minutes of the court.

Andrew T. Hicks alleges that the two verdicts and the purported decree were void on the ground that the court was without jurisdiction, because the petitioner for divorce had never resided in the county, and there had been no valid service of the petition and process; that after such divorce proceedings Andrew T. Hicks, without knowledge of any of the foregoing facts, and under the belief that the defendant was an unmarried woman, innocently entered into a marriage ceremony with her, believing that she was capable of contracting marriage. As soon as he learned the facts he brought this suit. He prays: (1) that the two verdicts and decree based thereon be set aside and declared null and void; (2) that the marriage between defendant and William Raymond Lockett be specifically decreed "as continuing to exist;" (3) that since defendant was incompetent, at the time of the ceremonial marriage, to contract a valid marriage with petitioner, the court decree that at that time, on account of her previous undissolved marriage, the defendant "was unable to contract marriage with petitioner;" (4) for general relief, process, and order for service by publication. The defendant by her attorneys interposed a general demurrer on the ground that "the petition sets forth no cause of action." The demurrer was sustained and the action dismissed. The plaintiff excepted.

■ "If a pauper oath shall be made, . . such oath shall state that the plaintiff in error, because of poverty, is unable to pay the costs in said case; and if the statement of the inability of the plaintiff in error to give bond for the eventual condemnation-money is added, it shall be added disjunctively and not conjunctively." Code, § 6-1004. *Held:* (*a*) The above words "the costs in said case," refer to the costs in the Supreme Court. *Flanagan* v. *Scott*, 102 *Ga.* 399 (2) (31 S. E. 23). (*b*) In the instant case the plaintiff in error filed a pauper affidavit stating "that because of his poverty he is unable to pay the costs which have accrued, and which will accrue in this case in carrying the same to the Supreme Court of Georgia, and that he makes this affidavit in order that he may be relieved of such costs." The affidavit affirms conjunctively inability to pay costs which have accrued "and which will accrue" in carrying the case to the Supreme Court. It shows that the affiant had in mind that cost had accrued and other cost would accrue, and that he was unable to pay both. Although the affidavit made no reference to inability to give bond, it did not conform to the statute, which requires unqualified affirmance of inability to pay the cost in the Supreme Court.

■ The allegations and prayers in this petition are to be considered together and construed most strongly against the petitioner on demurrer to the petition as a whole. On proper construction, the petition is a suit in equity, by a husband against his wife, seeking on stated grounds a decree canceling two concurrent verdicts and a decree based thereon, obtained in the same court in a former divorce suit by the wife against her former husband; and seeking also to have specifically declared the continued existence of the former marriage, thereby establishing in law incapacity of the wife to marry at the time of her marriage to petitioner. The alleged grounds of relief were that the divorce proceedings were null and void, because (a) the plaintiff had practiced a fraud upon the court, inducing it to assume jurisdiction, and (b) because the publication of the notice of the suit was not for sufficient time to accomplish constructive service under the statutes (Code, §§ 30-105, 81-204 et seq.), and afford jurisdiction of the person of the defendant. That is in substance all there was in the petition. The petition fails to show a cause of action in the plaintiff for the relief sought, and consequently the judge did not err in dismissing the action on

general demurrer to the petition. It seems from the remarks of the judge in rendering the judgment that he had in mind particular reasons why the demurrer should be sustained. Whether or not all of these were sound, there should not be a reversal, where the correct result was reached.

■ A judgment of reversal was rendered by this court on principles ably discussed in the brief of the attorneys for the plaintiff in error; but, becoming dissatisfied with the opinion rendered, this court on its own motion withheld the decision before a remittitur was issued, and, on further consideration and closer scrutiny of the allegations and prayers of the petition, has concluded that the first judgment should be revoked and the judgment of the trial court affirmed, for the controlling reason that the petition showed no right in the plaintiff to the relief prayed for.

*Judgment affirmed. All the Justices concur.*

JENKINS, Justice, concurring specially. While in my opinion the petition seeks a decree declaring the marriage between plaintiff and defendant invalid for the reasons set forth in the petition, and would have stated a cause of action except for the want of jurisdiction, I concur in the judgment dismissing the action on demurrer, for the reason that the petition wholly fails to show the court's jurisdiction. The mere fact that the defendant might have illegally and fraudulently procured a decree of divorcement from her former husband in the court in which the present suit was instituted would not serve to give that court jurisdiction in the present proceeding, where it does not appear that the parties were married in this State, or that either of them resides or has ever resided within its jurisdiction. In a suit by the plaintiff against the defendant, to declare the marriage void, if brought in the proper jurisdiction, the facts set forth in the instant suit could be properly pleaded and proved.