No. 12532. FEBRUARY 18, 1939.

### THOMAS *et al. v.* LAMBERT *et al.*

No. 12588.  JANUARY 11, 1939.  REHEARING DENIED FEBRUARY 22, 1939.

*Wilcox, Connell & Wilcox,* for plaintiffs in error.
*Franklin & Eberhardt,* contra.

JENKINS, Justice.   It is deemed appropriate to make some elaboration of the second division of the syllabus, as to what persons, not parties to a previous judgment not void on its face, are authorized to attack directly its validity.   Save for certain exceptions in favor of creditors or bona fide purchasers (Code, § 110-711), and others who may be excepted by statute, it is the general rule that none but the parties to a judgment can move directly for its nullification, that is, that "a third person not a party to the record can not go into a court and move to set aside a judgment which is not

against him." *Merchants & Manufacturers Bank* v. *Haiman,* 80 *Ga.* 624 (2), 627 (5 S. E. 795). It has been stated, as the underlying basis of this rule, that "to permit third persons to become interested after judgment, and to overturn adjudications to which the original parties made no objection, would encourage litigation, and disturb the repose beneficial to society." 1 Freeman on Judgments (5th ed.) 521, § 258; Id., 636, 637, 639, § 319. These principles have been applied to independent equitable proceedings seeking to impeach a previous judgment. *Jones* v. *Smith,* supra; *Suwannee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597, 603 (35 S. E. 142). They obtain fully in attacks on decrees for divorce, which, although disfavored by the policy of the State because of the interest of society (*Watts* v. *Watts,* 130 *Ga.* 683, 61 S. E. 593), may, after their grant, vitally affect the status of innocent persons relying thereon, and therefore are not to be set aside more freely than other judgments. See *Axtell* v. *Axtell,* 183 *Ga.* 195, 197, 198 (187 S. E. 877); 1 Freeman on Judgments (5th ed.), 528, § 264. The fundamental exception is privity. As codified in our statute, "equity will grant relief as between the original parties or their privies in law, in fact, or in estate," except as stated. Code, § 37-213. But whether the privity be one of estate, contract, blood, or law, it has no personal basis as a mere matter of sentiment, but rests upon some actual "mutual or successive relationship as to the same right of property." 50 C. J. 403 et seq., and cit.; 34 C. J. 1048 and cit. See *Garlington* v. *Blount,* 146 *Ga.* 527 (91 S. E. 553). Accordingly, one who was neither a party to a divorce decree nor is in any relation with either of the parties as to any right of property involved in or affected by the decree would not be entitled to make a direct attack on the decree, either in the case itself or by an independent equity suit in the same court, where the decree is not void on its face. It has been so held in the few adjudicated cases where the heirs or personal representatives of a second spouse have sought to attack a previous divorce decree of the surviving husband or wife, and where no privity existed between the attacking parties and either party to the decree. See Kirby *v.* Kent, 172 Miss. 457 (160 So. 569, 99 A. L. R. 1309-1318, and note); Tyler *v.* Aspinwall, 73 Conn. 493 (47 Atl. 755, 54 L. R. A. 758, and note). See also *Hicks* v. *Hicks,* 186 *Ga.* 362 (197 S. E. 878), where a second husband sought by an equity

proceeding to set aside a previous divorce decree in favor of his wife against her first husband. See generally, as to the rights and procedure of the parties themselves, *McConnell* v. *McConnell*, 135 *Ga.* 828 (70 S. E. 647); *Bilbo* v. *Bilbo*, 167 *Ga.* 602 (146 S. E. 446); *Axtell* v. *Axtell*, supra.

Since the plaintiffs in this case are the heirs of a deceased second husband, who was not a party to the previous divorce decree against the widow's first husband, and both of the parties to that proceeding remain in life, the cases relied on, involving the rights after death of parties to divorce decrees, their heirs, personal representatives, or children, or others in some privity or close personal relation with a party, are not in point. Thus, in *Hood* v. *Hood*, 143 *Ga.* 616 (85 S. E. 849), a husband, after divorcing his wife, married a second wife, and when he died the first wife sought in the court of ordinary to defeat the application of the second wife for a year's support by attacking the validity of the divorce. No absence of jurisdiction appearing on the face of the record, it was there held that "the judgment and decree of divorce attacked being a judgment of a court of general jurisdiction, every presumption in favor of its validity and regularity should be indulged;" and that, if there was no jurisdiction, "the judgment in the divorce proceeding should be attacked in the court which rendered the judgment, and the validity and regularity of that judgment should not be made a collateral issue in another proceeding," brought in the court of ordinary. There the attack was made by one who had been a party to the divorce decree, but it was held to have failed because of her collateral procedure in another court. There was no attack by a second spouse, or the heirs of a deceased second spouse, in no privity with either of the parties, as in this case. See also, as to contests by persons in privity or in some relationship with a party, after the death of a party to a divorce decree, *McLeod* v. *McLeod*, 144 *Ga.* 359 (97 S. E. 286); McElrath *v.* McElrath, 120 Minn. 380 (139 N. W. 708; 44 L. R. A. (N. S.) 505); Wood *v.* Wood, 136 Iowa, 128 (113 N. W. 492, 12 L. R. A. (N. S.) 891, 125 Am. St. R. 223); Dwyer *v.* Nolan, 40 Wash. 459 (82 Pac. 746, 1 L. R. A. (N. S.) 551, 111 Am. St. R. 919, 5 Ann. Cas. 890); Lawrence *v.* Nelson, 113 Iowa, 277 (85 N. W. 84, 57 L. R. A. 583); Rawlins *v.* Rawlins, 18 Fla. 395; note in 99 A. L. R. 1309-1318; 9 R. C. L. 453-455, §§ 263, 264.

For the reasons stated, the heirs of the deceased second husband,

occupying the status of strangers to the previous divorce decree, were not entitled, in this equity suit, even though it was brought in the court rendering the decree, to attack the decree as void, where no invalidity appeared on the face of the proceedings in which it had been rendered.

*Judgment reversed. All the Justices concur.*