## MARTOCELLO *v.* MARTOCELLO.

No. 14811.   April 4, 1944.   Rehearing denied May 5, 1944.

*O. C. Hancock,* for plaintiff.

*J. Herbert Johnson* and *Clarence H. Calhoun,* for defendant.

JENKINS, Presiding Justice. The ruling made in the first division of the syllabus appears to be directly and fully controlled by the recent case of *Hicks* v. *Hicks,* supra, therein quoted from, as concurred in by five justices. It is in harmony with a full-bench

decision recently rendered by this court in *Thomas* v. *Lambert,* 187 *Ga.* 616 (1 S. E. 2d, 443) ; and is not in conflict with *Hamilton* v. *Bell,* 161 *Ga.* 739 (132 S. E. 83). In the *Hamilton* case there had been no previous adjudication of divorce, and for that reason the case differs altogether from the *Thomas* and the *Hicks* cases.

Save for certain exceptions in favor of creditors or bona fide purchasers, the general rule is that none but the parties to a judgment, regular on its face, can move for its nullification. The rule applies with peculiar force in matters of divorce which, although not favored by the policy of the State, may after being granted affect the rights and interest of innocent persons. *Axtell* v. *Axtell,* 183 *Ga.* 195, 197 (187 S. E. 877). The fundamental exception to this general rule with respect to who is entitled to attack a judgment regular on its face, is privity. This is the rule recognized by the Code, § 37-213, which provides: "Equity will grant relief as between the original parties or their privies in law, in fact, or in estate, except bona fide purchasers for value without notice." As to cases of this character, see *Williams* v. *Lancaster,* 113 *Ga.* 1020 (6) (39 S. E. 471) ; *McArthur* v. *Matthewson,* 67 *Ga.* 134 (4).

Nor is a different rule to be applied or a different conclusion to be arrived at in this case merely because the plaintiff alleges that he occupies the status of a creditor, in that he has heretofore paid to the divorcee with whom he subsequently contracted marriage certain amounts of alimony, which he says he is in good conscience entitled to recover by reason of the fact that his marriage to the divorcee is illegal in that his spouse had never been legally divorced from her first husband, and that the divorce was obtained by fraud because of untrue allegations and proof with respect to her residence at the time the suit was instituted. While it is true that under the provisions of the Code, § 110-711, *creditors* may attack a judgment for any defect appearing on the face of the record, or for fraud or collusion wherever it interferes with their rights, either at law or in equity, and while it is also true as stated in the *Thomas* case, supra, that the direct nature and character of an independent attack on a judgment, not void on its face, is not changed by the fact that such a proceeding may seek other incidental relief besides the main purpose of setting aside the judgment, still an attack on a judgment regular on its face must be taken as collateral, where

the petitioner, as a stranger to the previous record, merely claims to have become incidentally interested therein after a termination of that case. *Almand* v. *Thomas,* 148 *Ga.* 369 (6) (96 S. E. 962); *Sullivan* v. *Ginsberg,* 180 *Ga.* 840 (1), 845 (181 S. E. 163); *Thomas* v. *Lambert,* supra. The judgment of divorce as and when rendered did not and could not have affected the rights of the petitioner; nor does he, even now, occupy the status of a creditor, since it appears that his present proceeding to annul the previous divorce is but an attempt to give himself the status of a creditor, which, if the judgment be regular on its face, constitutes a prerequisite to the maintenance of the action. Therefore he cannot jump the gun and be heard to bring the suit *as* a creditor in order that he may thereafter set up a claim as such.

Since, as ruled in the first division of the syllabus, if the previous judgment of divorce, in nowise concerning the present plaintiff, be treated as valid on its face, the present plaintiff, a stranger to that proceeding, is not a proper person to attack it, and since, as ruled in the second division of the syllabus, if it should be said that the previous judgment of divorce is void on its face, the present plaintiff will not be heard to invoke equitable remedies when he would be able to attack it anywhere or at any time, the petition, under either view, failed to set out a cause of action and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

In his motion for rehearing the movant quotes the Code, § 37-709, as follows: "Fraud will authorize equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition." The provisions of this section, under the ruling made in the first division of the syllabus, which was a direct quotation from a previous decision of this court, would not authorize the procedure taken.

The motion makes the following statement: "Movant contends that in rendering said decision the court overlooked the fact in the record that it is unequivocally charged in the original petition that it was the defendant in error's fraudulent purpose and intention in filing and securing her fraudulent divorce to perpetrate a fraud on any man she might subsequently determine to marry, and to put herself into a position where she could enforce a false claim against

him." In view of the ruling in the first division of the syllabus, it seems manifest that unless the plaintiff, as a stranger to the previous divorce proceeding, which was regular on its face but which he now seeks to attack, can bring himself within the status of a prospective creditor whom his spouse sought by that proceeding to defraud, his action cannot be maintained, even under the theory which the plaintiff by this, his alternative position, seeks to maintain. It is true that this court in *Sullivan* v. *Ginsberg*, 180 *Ga.* 840 (1 *b*) (supra), held that, "Where a mortgage is made and accepted with the understanding between the parties that it will be withheld from record for the purpose of protecting the financial credit of the mortgagor, the agreement may amount to fraud as against subsequent creditors, depending in that respect upon the intention of the parties, to be determined as an issue of fact;" but it would seem to be a far cry from what was held in that case to the position which the movant now assumes. There, it was plainly alleged that a mortgage was purposely withheld from record in order to conceal the financial credit of the mortgagor from other creditors "who were advancing" credit to him, and it was held that under such circumstances the agreement might amount to a fraud against the other creditors if the proof showed that such was the fraudulent purpose and intent. Here, even according to the contention in the motion, there was nothing more than a strained, and it might be said fanciful, allegation that the purpose of the defendant spouse in obtaining her prior divorce was to perpetrate a fraud upon any man "she might subsequently determine to marry," and to "put herself into a position where *she could* enforce a false claim" of unstated character "against him." It would not seem that such a strained and indefinite supposition, based upon other equally fanciful suppositions, could be taken to afford such solid basis of alleged fact as would clothe the present petitioner with the rights and privileges of a prospective creditor whom the defendant spouse had sought by her previous divorce proceeding to defraud of alimony. But be that as it may, it does not appear that any such question is presented by the petition, since the movant's contention on rehearing as to what the petition contains is based on a misinterpretation of the record. The movant appears correct in saying that the petition shows that at the time the previous divorce decree was obtained it was the fraudulent purpose of his spouse "to

place herself in the false position of being a single woman with the right to contract a subsequent marriage, thereby committing a fraud upon whomever she could thereafter enter into a marriage ceremony with;" but we are unable to find any allegation in the petition that in obtaining such a decree it was her purpose and intent "to put herself in the position where she could obtain a false claim against" whomever she might subsequently marry. On the contrary, it appears that all the petition does allege is that she *"entered into said ceremony* with petitioner" for the fraudulent purpose of enforcing a false claim against him—not that such had been the fraudulent purpose in obtaining the previous divorce decree, and that she subsequently filed a claim for alimony. Therefore it appears that no question is made as to whether the petition would be good in a case where the previous divorce decree had been obtained with the fraudulent intent and purpose of subjecting whomever she might thereafter marry to a fraudulent claim for alimony. and such a question cannot be decided.

*Rehearing denied.*