WEILL v. WEILL.

5-912

288 S. W. 2d 946

Opinion delivered April 9, 1956.

*Glenn F. Walther,* for appellant.

*Richard W. Hobbs* and *McMath, Leatherman & Woods,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is a suit by a husband to vacate a decree by which his wife was divorced from her former spouse.

Plaintiff, Leon Weill, filed suit in the Garland Chancery Court on November 9, 1954, to set aside a decree of divorce which defendant, Estelle Goldstein Price Weill, hereinafter called "Mrs. Weill," obtained from defendant, Daniel H. Price, in the same court on December 13, 1949. The complaint alleged that all three parties are residents of New York; that Mrs. Weill obtained the divorce in 1949 upon perjured testimony as to her residence in Garland County for the ninety-day period preceding the date of the decree and under a collusive agreement between the defendants under which Price signed an entry of appearance in New York the day before the suit was filed; that Mrs. Weill was never domiciled in Arkansas; and that the perjured testimony of Mrs. Weill and any other person who might have testified concerning her residence in Garland County constituted a fraud on the court, which was without jurisdiction of the parties to said suit.

Plaintiff further alleged that he and Mrs. Weill went through a marriage ceremony in New York on May 1, 1953, and cohabited as husband and wife until October 18, 1954; that in March, 1954, she informed plaintiff that she obtained the divorce from Price after having resided in Arkansas for only one day; that, after investigation and consultation with counsel, plaintiff became convinced that Mrs. Weill's divorce from Price was illegal and void and by reason thereof he had separated from her. The prayer of the complaint was that the 1949 decree be set aside and the marriage relationship between Mrs. Weill and Price be declared in full force and effect.

Mrs. Weill demurred to the complaint on the grounds that plaintiff was not a proper party to bring the action, and that the complaint did not state facts sufficient to constitute a cause of action on his behalf. Defendant Price filed a "Response and Motion to Dismiss" the complaint because the matter decided in the original divorce suit was *res judicata,* and on several other grounds. This appeal is from a decree sustaining both the demurrer and the motion to dismiss.

The well-recognized general rule that strangers to the record have no standing on which to base an application to vacate a judgment unless so authorized by statute ordinarily applies to judgments and decrees of divorce. 17 Am. Jur., Divorce, § 479. Hence, the right to have an invalid divorce decree set aside ordinarily exists only in favor of the injured spouse, and does not exist in a person who was a stranger to the suit. 27 C. J. S. Divorce, § 170. The rule that a stranger to the record has no standing directly to attack a judgment or decree either by petition in the original proceeding or by an independent suit has been applied to decrees of divorce in many cases which are collected and cited in annotations in 99 A. L. R. 1310, 120 A. L. R. 822, 6 A. L. R. 2d 614 and 12 A. L. R. 2d 727. There are decisions cited to the contrary which usually involve an exception to the general rule and the plaintiffs were held not to be strangers to the record because they were privies to one of the original parties and their property rights were concerned.

The general rule has been applied in many cases where relief from the divorce decree was sought by the new spouse of the original plaintiff, and no property rights were involved. Perhaps the case most nearly in point with the facts here is *Suiter* v. *Suiter,* 74 Ohio App. 44, 57 N. E. 2d 616. In that case Mrs. Suiter had obtained a divorce from Mr. Suiter on a complaint in which she represented that she had resided in the jurisdiction for the required time. Mrs. Suiter's second husband, McFarland, filed a petition in the original action to set aside the decree on the ground that her claim of residence was false and fraudulent. In affirming the action of the trial judge in sustaining a demurrer to the petition on the ground that McFarland was a stranger to the divorce action and had no standing as a party to seek to set aside the decree, the court said: "At the outset it will be observed that the original action was in divorce wherein the wife sued the husband for dissolution of the marital union. Upon the face of the proceedings and upon the judgment entry the proceedings are regular and all essentials of jurisdiction of parties and subject-matter appear. No property rights were involved, nor does the decree do more than to dissolve the marital relation and divorce the parties thereto. The divorce action in its nature is personal. There is nothing in the divorce proceedings nor in the defendant McFarland's petition which would give application to the doctrine of privity of title. The defendant-appellant had no right which he could have asserted at the time of the decree, nor did he then, has he since, nor does he now, stand in the relation of either the plaintiff or the defendant in the original action nor has he succeeded to the rights of either."

A similar action was held subject to demurrer in *Martocello* v. *Martocello,* 197 Ga. 629, 30 S. E. 2d 108. Other cases applying the same principle under somewhat different factual situations are *Tyler* v. *Aspinwall,* 73 Conn. 493, 47 At. 755, 54 L. R. A. 758; *Ruger* v. *Heckel,* 85 N. Y. 483; *de Marigny* v. *de Marigny* (Fla.), 43 So. 2d 442; *James* v. *James,* 131 Okla. 276, 268 P. 726; *Thomas* v. *Lambert,* 187 Ga. 616, 1 S. E. 2d 443.

We are convinced the chancellor correctly sustained the demurrer of Mrs. Weill to the complaint. Insofar as the record discloses, the decree sought to be vacated is perfectly valid on its face and the parties to it seek no redress. There is no allegation in the complaint suggesting that plaintiff's property or other rights have been injuriously affected or prejudiced in any manner by the decree he seeks to vacate. In the normal course of events it would seem that if plaintiff, in good faith, married Mrs. Weill under an innocent reliance on the former decree, he would be seeking its affirmation rather than its nullification. The Florida court suggested the dangers potentially inherent in this situation in the *Marigny* case, as follows: "If the appellant-petitioner may maintain the instant suit it would be possible for any party to a fraudulent divorce decree, which is valid on the face of the record, to conspire with another person to enter into a marriage with him or her with the sole purpose in mind of having said spouse thereafter bring a proceeding to impeach the divorce decree and thus accomplish indirectly, by means of such conspiracy and fraud, that which could not be accomplished directly. It is our conclusion that the lesser evil would result from a judgment unfavorable to the appellant-petitioner's position and that decency, good morals and the welfare of society would be more nearly satisfied by such ruling. Certainly, such a decision would be less inimicable to the interests of our citizens as a whole than one favorable to the appellant-petitioner for the latter, in our opinion, could lead to 'widespread social disorder.' See *Shea* v. *Shea*, 270 App. Div. 527, 60 N. Y. S. 2d 823, at page 827." Mr. Weill's position is also similar to that of the plaintiff in the *Ruger* case where the New York court said: "In bringing this action the plaintiff meddled with a matter which did not concern him. . . . It is impossible to discover any ground in law or morals upon which his complaint can stand. In refusing to listen to him the court does not aid in giving effect to a judgment obtained by fraud. It regards him as a suitor without a cause of action and rejects his petition, because he is not aggrieved." Courts sit to vindicate rights at the instance

of parties whose rights have been invaded, and not to vindicate mere abstract principles of justice. A party whose rights have not been invaded cannot be heard to complain if a court refuses to act at his instance in righting the wrongs of another who seeks no redress. *Tyler v. Aspinwall, supra.*

Since the chancellor correctly sustained the demurrer of Mrs. Weill and dismissed the complaint upon plaintiff's failure to plead further, it becomes unnecessary to determine whether error was committed in also sustaining the separate motion to dismiss filed by defendant Price.

Affirmed.