## 27965. SCHLICHT v. BINCER.

SUBMITTED MAY 25, 1973 — DECIDED JULY 2, 1973.

*Custer, Smith & Manning, Lawrence B. Custer,* for appellant.

*Charles A. Evans, R. Kelly Raulerson,* for appellee.

MOBLEY, Chief Justice. William J. Schlicht brought an equitable complaint in Cobb Superior Court against Wanda Schlicht Bincer, formerly Wanda L. Schlicht, seeking to set aside a judgment and decree for divorce, alimony, and child custody entered in that court. The complaint alleged certain conduct on the part of the former wife in obtaining the divorce decree which the former husband asserts to be fraudulent. The complaint alleged that the former wife has moved from Cobb County to a stated address in Wisconsin. Service by publication of the complaint to set aside the divorce decree was made on her.

The former wife filed several defenses, one being that Cobb Superior Court has no jurisdiction over the subject matter in dispute because she is a nonresident of the State. The trial judge sustained this defense and dismissed the complaint. The appeal is from this judgment.

In *Axtell v. Axtell,* 181 Ga. 24 (181 SE 295), in which two Justices dissented, this court held that a suit to set aside a divorce decree is a proceeding in rem and can be maintained in the court in which the divorce decree was obtained, unless property rights would be established in

the suit, against a nonresident served by publication. When the *Axtell* case was tried, the jury decided against the party seeking to have the decree set aside. This court affirmed the jury verdict on the theory that this party came into a court of equity with unclean hands. *Axtell v. Axtell,* 183 Ga. 195 (187 SE. 877).

In *Gates v. Gates,* 197 Ga. 11 (28 SE2d 108), Mrs. Gates filed a petition in equity in Harris Superior Court to set aside a divorce obtained by her husband in that court. Mr. Gates filed a motion to dismiss on the ground that he was a nonresident and service by publication was not properly made on him. This court held that service by publication was perfected, and that the motion to dismiss was without merit. No ruling was made as to whether service by publication on the nonresident would give jurisdiction to the court.

In 24 AmJur2d 563, Divorce and Separation, § 438, it is said: "The decisions which discuss the nonresidence of one or both parties as affecting the jurisdiction of a court in a suit or proceeding to vacate a divorce decree rendered in the same state agree that nonresidence on the part of a living divorced spouse does not affect the jurisdiction of a court of the state wherein the divorce was granted to entertain an action for its vacation." The note under this section cites 33 ALR 464-472, where several cases on this subject are collected. See also 163 ALR 504 et seq.

In the present case both of the parties were residents of Cobb County when the divorce was granted. The present complaint does not contend that Cobb Superior Court did not have jurisdiction of the subject matter at that time.

While the courts of this State have no jurisdiction to render a judgment in personam against a nonresident of the State, except in certain exceptions provided by law, a court of this State can render a judgment on a res within the jurisdiction of the court. The res on which the court would act in the present case is the divorce decree

itself, and it would have jurisdiction to entertain the complaint to set it aside. The trial judge, therefore, erred in holding that it had no jurisdiction of the subject matter, and dismissing the complaint.

No ruling was made by the trial judge as to whether the complaint stated a claim on which relief could be granted, and no ruling is made in this opinion as to whether the allegations of fraud were stated with the particularity required by Code Ann. § 81A-109 (b) (Ga. L. 1966, pp. 609, 620).

*Judgment reversed. All the Justices concur.*