## EPPS & LEABOW, for use, *v.* BUCKMASTER.

1. One named as a defendant in an action may legally appear therein by filing with the record a specific statement in writing signed by him, waiving service, and specifying that he enters his appearance in the case.
2. Such an appearance by the defendant in a case pending in a court of a foreign State, which has jurisdiction over the subject-matter of the suit, is sufficient to give the court jurisdiction of his person, and authorize it to render a general judgment against him, although he may have been in the State of his residence at the time of signing the entry of appearance.
3. In a suit brought upon such foreign judgment in a court of this State where the defendant resides, it was error to direct a verdict for the defendant upon the ground that the court of such foreign State had no jurisdiction of his person.

Argued May 16, — Decided June 8, 1898.

Action on foreign judgment. Before Judge Reid. City court of Atlanta. September term, 1897.

The suit was on a judgment obtained in a court of Tennessee. Defendant pleaded that the judgment was void, because the court was without jurisdiction to render it, that he was not at any time a resident of Tennessee, was not properly served with a copy of process in the suit in which the judgment was rendered, and did not appear and defend the suit. Plaintiffs intro-

duced in evidence a transcript of the record of the suit in which the judgment was rendered, from which it appeared that the suit was filed August 15, 1894, and that on September 1, 1894, the defendant signed on the original suit an entry as follows: "I hereby acknowledge due and legal notice of the filing of the within bill, and hereby enter my appearance in said cause, hereby expressly waiving service of subpœna and publication." It appeared that on October 11, 1894, judgment was rendered in favor of the plaintiffs against the defendant in personam for the amount sued for, and the judgment remained unsatisfied. It was admitted by the plaintiffs that the entry acknowledging service, etc., was signed in Atlanta, Ga., in the office of an attorney acting for Tennessee attorneys of the plaintiffs, and that the defendant was not at the time of the suit and acknowledgment of service a resident of Tennessee, but was a resident of Georgia, and made no appearance in the case except by signing the entry before set out. The court directed a verdict for the defendant, and the plaintiffs excepted.

*Arnold & Broyles*, for plaintiff.    *H. C. Erwin*, for defendant.

LEWIS, J.  1. In addition to the facts in the reporter's statement of the case, it appears from the record that the following language was used by the court of Tennessee in its decree, which was the subject-matter of this suit: "In this cause it duly appearing to the court that the defendant, Eugene Buckmaster, is regularly before the court by an indorsement and entry upon the original bill, signed by said Buckmaster, whereby said defendant acknowledges due and legal notice of the filing of said bill, and enters his appearance in the cause, expressly waiving service of subpœna and publication, and that he has made no defense to said bill within the time required by law, but is in default, it is ordered that as to said defendant the bill be taken for as confessed." From these words it will be seen that the Tennessee court treated the defendant as regularly before it, and hence decided that his entry of an appearance upon the original bill filed in the case was such a general appearance of the defendant as gave the court jurisdiction of his person. It will be presumed that, so far as the laws and rules of procedure

in that court are concerned, the court followed them in the rendition of its decree.   If, therefore, the rule of pleading and practice in the chancery courts of Tennessee should govern as to what constitutes a general appearance of the defendant in that court, we need go no further in the discussion of the proposition embodied in the first headnote.   But we do not rest the case here.   An appearance in a case may be had either in person or by attorney; but when in person, it does not necessarily mean the personal presence of the defendant in court when the case is called for answer or trial.   A defendant may be personally present in court at such a time, but unless it is indicated in some way that he is there for the purpose of putting in an appearance in the case, such presence alone will not be construed into an appearance.   On the other hand he may appear without any attendance upon the court.   We can conceive of no more formal or effectual way of signifying an intention to appear in a case than by the defendant filing a written statement with the record in court, to the effect that he enters his appearance.   Upon the original bill in this case the defendant not only entered an acknowledgment of due and legal notice of its filing, and expressly waived service, subpoena and publication, but also entered these words, "and hereby enter my appearance in said cause."   The entry being upon the original bill, he of course knew that it would be transmitted to the court in which the case was pending, and would constitute a part of the record.   The words quoted would be absolutely without any signification whatever, unless they were intended by the defendant to put in a general appearance in the case pending against him.   "An appearance for any other purpose than to question the jurisdiction of the court is general."   2 Enc. Pl. & Pr. 632, and authorities cited.

2–3. It is a well-settled rule, that when a court has no jurisdiction over the subject-matter of a suit, the parties can not waive it either by appearance and pleading, or otherwise.   It is also well settled, that where a court has jurisdiction over the subject-matter of a suit, jurisdiction as to the person of a party may be waived by him.   A rule of law equally as extensive and as well established is, that a general appearance

by a defendant in any cause will give the court jurisdiction of his person. The doctrine is stated in the following language in 2 Enc. Pl. & Pr. 639: "It is a universal rule, which admits of no exception, that, if the court has jurisdiction of the subject-matter, a general appearance gives jurisdiction over the person." This text is supported by citations of authorities from the United States Supreme Court, and the Supreme Court of nearly every State in the Union. This principle is not only applicable to resident, but also non-resident defendants. See same volume, pp. 640, 641–2. Where, however, there is a special appearance made for the purpose of pleading to the jurisdiction of the court, of course this would not give the court jurisdiction of the person. This has been repeatedly ruled by this court; and, as stated by Judge Nisbet, in the case of *Adams v. Lamar*, 8 *Ga.* 95, to hold otherwise would be a "Strange absurdity, that the very act of resisting the jurisdiction should be held an assent to it." But it is not contended that the appearance in the case we are now considering was for the purpose of pleading to the jurisdiction; and, as before indicated, we are compelled to treat it as a general appearance. It is insisted, however, that inasmuch as the defendant made the entry of appearance in this State where he was then residing, it amounted to no appearance at all, and was ineffectual to give the foreign court jurisdiction of his person. Respectable authority can be produced to the effect that where a non-resident is sued, an *acknowledgment* or *acceptance of service* by him in the State of his residence will not give the court of another State jurisdiction over his person. Such is the ruling in the case of Scott *v.* Noble, 72 Pa. St. Rep. 115, cited and relied on by counsel for defendant in error. But in our research we have been unable to find any case where it has been decided that a formal entry of an appearance in a case, made upon the original writ, or otherwise entered as a part of the record, amounted to a mere nullity simply because the defendant was not actually present within the territorial jurisdiction of the court when he signed such an entry. Had the defendant in this case drafted and signed a plea to its merits, and transmitted it to the clerk to be filed in the court where the case was pending,

it would certainly have been pleading to the cause as effectually as if he had handed his answer in person to the clerk. There is no reason why he could not file a formal appearance in the same manner. In the case of Dunn v. Dunn, 4 Paige (N. Y.), 430, Chancellor Walworth says: "In all cases, however, where the court has jurisdiction over the subject-matter of the suit, if the defendant who is beyond the limits of the State thinks proper to waive that objection by a voluntary appearance, or by consenting to accept as regular the service of process upon him at the place where he resides or is found, he can not afterwards object to the regularity of the proceedings against him, founded on such service." In Alderson on Judicial Writs and Process, 227, after citing and quoting from this case, the author says: "We thus quote at length from the opinion of the eminent jurist, because it clearly and forcibly announces the law upon the subject, and has been generally recognized and followed in subsequent adjudications."

There is nothing in conflict with this view in the case of Pennoyer v. Neff, 95 U. S. 714. There it was simply decided that a personal judgment against a non-resident of a State who was served by publication of summons, but upon whom no personal service of process within the State was made, and *who did not appear*, was without any validity. See also Harkness v. Hyde, 98 U. S. 478. In both of these cases the Supreme Court of the United States recognizes the doctrine, that while such service of a non-resident can not be effectual to give the court jurisdiction over his person, yet voluntary appearance on his part will confer such jurisdiction. We think the principle, that it does not matter where a party is when he undertakes to waive the jurisdiction of the court of a foreign State, has been virtually decided by this court in the case of *Smith* v. *Spencer*, 63 *Ga.* 702. That was a scire facias to forfeit a criminal bond given by defendant for his appearance before the court of this State. The bond was executed by the surety in the State of New York, of which he was a resident. He pleaded to the jurisdiction of the court to entertain the proceedings of forfeiture against him upon the bond, on the ground that it was not executed in the State of Georgia, but in the State of New York.

Jackson, Justice, delivering the opinion in that case, said: "It can not matter, we think, that it was executed in New York. It is not the less voluntary because made in New York, and it derived its validity from its deposit in the clerk's office. It does not lie in the mouth of the surety who signed it and deposited it, and thereby procured the release of the person charged with crime, to make the objection that he executed it in New York." In that case the court evidently acted upon the theory that, although the bond was executed in a foreign State, yet it was filed in the proper court of this State; the court acted upon it, and released the defendant; and the bond was just as effectual as if it had been executed by the surety in Georgia. So, in the case at bar, the court of Tennessee acted upon the written entry of appearance made by this non-resident defendant, construing it into a waiver of jurisdiction on his part, and entered up judgment against him accordingly. We think, therefore, both upon reason and authority, that he will not now be heard to say that he is not bound by such a formal entry of appearance which could not have had any other effect upon the mind of the court except to lead to the conclusion that its jurisdiction of the person of the defendant was by him voluntarily waived. We think the court erred in directing a verdict for the defendant on the ground that the court rendering the judgment sued upon had no jurisdiction of his person; and the judgment is accordingly

*Reversed. All the Justices concurring.*