## McCONNELL *v.* McCONNELL.

To a petition by a wife for divorce, filed in the superior court of Fulton county, a process was attached requiring the defendant to appear at the next term of court, but no service of the petition and process was made prior to such term.   The petitioner alleged that the defendant resided in Fulton county.   After several terms had elapsed, an entry on the petition in the following language was signed by the defendant: "Service of the foregoing petition is acknowledged.   Jurisdiction of the superior court of Fulton county is recognized."   Two verdicts and a decree were rendered, granting the plaintiff a total divorce.   Nine months thereafter the defendant filed his complaint to have the verdicts and decree set aside, and to the order of the court· dismissing his petition on demurrer he excepted.   *Held:*

1. The husband could not, in a court of equity, have the verdicts and decree for divorce set aside on the ground that he did not reside in Fulton county when the petition of his wife for divorce was filed.

2. The effect of the entry was a waiver by the defendant of the issuance of another process, as well as to admit that he resided in Fulton county when the petition for divorce was filed.

FEBRUARY 23, 1911.

Petition to set aside verdict and decree.   Before Judge Bell. Fulton superior court.   September 8, 1909.

*Cann, Barrow & McIntire* and *Ogburn, Dorsey & Shelton,* for plaintiff in error.   *Burton Smith,* contra.

HOLDEN, J.   1. The plaintiff in error filed his petition in Fulton superior court to set aside a verdict and a decree granting his wife a total divorce against him, making substantially the following allegations: His wife brought the suit for divorce on the ground of desertion, alleging that she and the defendant were residents of Fulton county.   The petition was filed on May 29, 1906.   On that date process was issued, requiring the defendant to appear at the July term, 1906.   There appeared on the petition, signed by the defendant, the following entry: "Service of the foregoing petition is acknowledged.   Jurisdiction of the superior court of Fulton county is recognized.   This the 13th day of · November, 1906."

There was also on the petition, signed by the deputy sheriff of Chatham county, an entry of service of the petition and process, dated 13th November, 1907. The first verdict granting the wife a total divorce was rendered January 7, 1908, and the second verdict and the decree are dated September 8, 1908. The verdict and decree ordered that the defendant's disabilities be not removed. At the time of the filing of the suit for divorce the defendant was and has been since that time a resident of Chatham county, Georgia. This fact was well known to the wife at the time the petition was filed, and the allegation in the petition that he was a resident of Fulton county "was inserted in said petition so as to have it appear upon the face of the proceedings that said superior court had jurisdiction over the person of your petitioner. . . That the acknowledgment of service was signed by your petitioner at the special instance and request of said Lillian McConnell, and in the very language in which the same was submitted by said Lillian McConnell, she at said time well knowing all of the facts regarding the residence of your petitioner. All of which was done by the said Lillian McConnell in an endeavor to give jurisdiction of said cause to said superior court. That the acknowledgment of service was signed by your petitioner, and the jurisdiction of said court recognized, under the belief that said proceedings could be brought in said court, and that the said court had jurisdiction thereof. That your petitioner did not read the allegation of the petition that he was a resident of Fulton county, at the time he made such acknowledgment of service, and did not by such acknowledgment intend to admit that such an allegation was true, nor to conceal the fact that he was a resident of said Chatham county. Your petitioner shows that no order of court was taken keeping alive said process, nor was said case marked in default, or any return or acknowledgment of service made to the July term, 1906, of said superior court." The plaintiff alleged that the verdicts and decree were null and void, because at the time the suit was filed the husband was a resident of Chatham county, which was well known to the wife, and the petition for divorce was "prepared and drafted, together with said acknowledgment, for the purpose of showing upon the face of the proceedings jurisdiction of the court," and because "the process was made returnable to the July term, 1906, of said superior court of Fulton county; and there being no ac-

knowledgment of service or any return thereof, or any order of the court, keeping alive the process, any subsequent acknowledgment or return was absolutely null and void." The plaintiff prayed that "said proceedings be declared null and void," and that the verdicts and decree be set aside, and for process. To the order of the court sustaining a demurrer to the petition and dismissing it the plaintiff excepted.

The petition in the suit for divorce, in which the verdicts and decree granting a total divorce were rendered, alleged that the husband was a resident of Fulton county, in the superior court of which the suit was filed. The acknowledgment of service of the petition by the husband stated: "Jurisdiction of the superior court of Fulton county is recognized." In order for the superior court of Fulton county to have had jurisdiction, it was necessary that the defendant be a resident of said county, if he was a resident of the State; and the statement by the husband, in his acknowledgment of service on the petition, that the "jurisdiction of the superior court of Fulton county is recognized," is susceptible of the meaning that he was a resident of Fulton county at the time the suit for a divorce against him was filed. The Civil Code (1910), § 2959, provides: "No verdict or judgment by default shall ever be taken in a suit for divorce, but the allegations in the petition must be established by evidence before the juries." Under this statute, it was the duty of the court not to permit a verdict for divorce to be taken, unless the evidence made a prima facie case showing that the defendant in the divorce suit was a resident of Fulton county at the time the suit was filed, and it was the duty of the jury to refuse a divorce unless this fact was proved by a preponderance of the testimony. The acknowledgment of service by the defendant, wherein he stated that he recognized the jurisdiction of the court in which the suit for divorce against him was pending, was on the petition and a part of the record in the case; and this was in effect a statement that he was such a resident at the time the suit was filed, which fact was necessary in order to give that court jurisdiction of the divorce suit. This prevents the defendant from afterwards asking a court of equity to set aside a verdict and decree in the case on the ground that the court rendering them had no jurisdiction because the defendant was not a resident of Fulton county when the suit for divorce was filed.

Any person asking relief at the hands of a court of equity must come into that court with clean hands; and where the defendant in a suit, in a writing signed by him which is a part of the record of the suit, admits as a fact something which is necessary to the rendition of a decree therein, he can not have such decree set aside on the ground that the fact admitted by him was untrue. After the rendition of the decree, the wife might remarry, have children by the second marriage, and property rights might intervene; and it would be inequitable to permit the defendant to have the decree granting her a divorce set aside under the circumstances above stated. The defendant, in a writing signed by him on the petition itself, having acknowledged service thereof and admitted in effect that he resided in Fulton county when the petition was filed, will not be heard to say that he did not read the petition and did not know that it stated that his residence was in Fulton county when it was filed, nothing having been done to prevent him from reading it. His failure to read the petition and acquaint himself with its contents was the result of his own negligence, and he will not be permitted to deny that he knew its allegations, in his suit to set aside the decree thereon, on the ground that one of the allegations of the petition was untrue. The petition for divorce in Fulton superior court alleged that the defendant resided in Fulton county, and on it the defendant signed an entry stating that the "jurisdiction of the superior court of Fulton county is recognized." It could not have jurisdiction unless the defendant resided in Fulton county. After the defendant signed this entry he permitted his wife to obtain two verdicts and a decree for divorce without objection and without bringing to the attention of the court the fact that he did not reside in Fulton county and that the superior court thereof did not have jurisdiction. After the two verdicts and the decree were rendered, he waited nine months before bringing suit to set aside the verdicts and decree. In McNeil v. McNeil, 170 Fed. 289, 292, the court said: "The safety of society imperatively demands that one who seeks to overthrow an apparently valid decree of divorce should proceed with the utmost promptness upon discovery of the facts claimed to show its invalidity. It must be apprehended that a man who has secured a decree of divorce, valid on its face, may endeavor to marry again, thus entangling some innocent woman in most intolerable difficulties, should the

divorce be afterwards annulled.  In such a case, one who seeks the aid of equity should, in limine, make it appear that she has proceeded in good faith and with reasonable diligence." In this connection, see 2 Black on Judgments, §§ 929, 930; 2 Nelson on Divorce & Sep. §§ 1055, 1056; Bledsoe *v.* Seaman, 77 Kan. 679 (95 Pac. 576).  The fact alleged in the petition to set aside the decree, that the wife knew at the time the suit for divorce was filed in Fulton superior court that the court had no jurisdiction of the suit, does not affect the question we are considering.  The question as to whether or not the verdicts and decree for divorce are valid are not involved in this case.  The only question involved is whether or not the defendant will be permitted, in a court of equity, to attack a decree for divorce against him on the ground that when the suit was filed he did not reside in Fulton county, when he had solemnly admitted in a writing entered on the petition for divorce and signed by him that he recognized the jurisdiction of the court wherein the suit was filed, thereby admitting that he did reside in Fulton county at the time stated.  In the case of *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593, 20 L. R. A. (N. S.) 354), the plaintiff and defendant both resided in this State, and the suit was brought in a county other than that of the residence of the defendant.  The defendant agreed that the case might be tried in such county.  This court held that in spite of this agreement the court  could, before final verdict, of his own motion dismiss the suit for want of jurisdiction.  We do not think that ruling conflicts with the ruling we now make.  The superior court of Fulton county has jurisdiction to render verdicts and decrees in divorce cases.  The petition for divorce alleged that the plaintiff was at the time the suit for divorce was filed, and had been for twelve months prior thereto, a resident of Fulton county.  This allegation of fact is not denied, nor is it denied that the defendant at the time the suit for divorce was filed was a resident of the State.  His petition states that he had been a resident of this State more than two years prior to the time the petition for divorce was filed.  If the defendant had been a non-resident, the proper court in which the suit should have been brought would have been the one in which it was brought.  The proceedings in the divorce suit we are considering did not show on their face any want of jurisdiction; on the contrary, they show jurisdiction, and the husband can not invoke

the aid of a court of equity to set aside the verdict and decree rendered against him under the facts stated.

2. The process was issued returnable to the July term; and after several terms of the court had passed, and without the issuance of any new process, the defendant acknowledged on the petition service thereof and recognized the jurisdiction of the court. The process requiring the defendant to appear at the July term, when there was a failure to serve it in proper time before that term, could not operate as a valid process to require the defendant to appear at a subsequent term; but the defendant had the right to waive the issuance of another process, and the language of the entry on the petition, which entry was signed by the defendant, was such as, properly construed, meant that the court could proceed with the case without the issuance of a new process. The defendant had the right to waive process, and we think the effect of the language in the entry signed by the defendant was that the case might be tried without any process being issued other than the one which was issued. After verdict the defendant could not complain that a new process was not issued.

*Judgment affirmed. All the Justices concur.*