## HACKEL v. BIRD *et al.*

ATKINSON, J. 1. Properly construed Civil Code section 5335, which declares: "Any place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law, shall be deemed a nuisance, and the same may be abated or enjoined as such, as now provided by law, on the application of any citizen or citizens of the county where the same may be located," confers upon any citizen or citizens of the county where a "blind tiger" may be located the civil right to maintain an action in the superior court to enjoin the maintenance of the "blind tiger." Ancillary to such right, and arising therefrom, the plaintiffs in such an action have also the civil right to institute proceedings against the defendant for contempt of court, for violation of the injunction ordered in the main case.

2. Where a motion for rule for contempt, of the character mentioned in the preceding note, was presented to the judge in the county in which the suit for injunction was instituted, and the judge, without issuing a rule nisi, proceeded to another county beyond the limits of the judicial circuit and there issued a rule calling upon the defendant to show cause why he should not be punished as for a contempt of court, but omitted to state the place at which the hearing should occur, and subsequently the case was called up for hearing on its merits by consent of both parties in the county of the venue of the injunction suit, it was not error to refuse to dismiss the rule on the ground that the order nisi failed to state the place at which the hearing should occur, or upon the ground that the judge was without authority to sign the order out of the circuit, or upon the ground that the judge was without jurisdiction of the case.

3. There was sufficient evidence to authorize the judge to hold the defendant guilty of contempt.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
NOVEMBER 13, 1914.

Rule for contempt. Before Judge Sheppard. McIntosh superior court. June 12, 1914.

*C. M. Tyson,* for plaintiff in error. *W. B. Stubbs,* contra.