HUNTER-BENN AND COMPANY *et al. v.* WHITE *et al.*

Where bail-trover was instituted in a given county, and certain property of the defendant named in the proceeding was seized under the provisions of the statute, and the defendant gave a replevy bond with surety, and subsequently made no further objection to the jurisdiction of the superior court of the county in which the proceeding was instituted but allowed the same to mature to judgment, he should not be heard subsequently to assert, in an equitable petition brought to restrain an execution based upon the judgment, that the court referred to was without jurisdiction. It was erroneous to grant an injunction against enforcement of the execution.

JANUARY 15, 1916.

Injunction. Before Judge Sheppard. McIntosh superior court. April 1, 1915.

*C. M. Tyson,* for plaintiffs in error.   *W. S. Mann,* contra.

BECK, J.   C. R. White and Robert Manson filed their petition against Hunter-Benn and Company, a corporation, and S. J. Hagan, sheriff of McIntosh county, seeking an injunction against the enforcement of a fi. fa., upon averments as follows: Hunter-Benn and Company brought bail-trover in the superior court of McIntosh county against C. R. White. In the petition in the trover suit it was alleged that C. R. White "is now in said county of McIntosh," but it was not alleged that he was a resident of that county; and as a matter of fact White was not a resident of McIntosh county, but was a resident of Telfair county; and the plaintiffs in the trover suit knew this. Process was served upon White by the sheriff of McIntosh county. The superior court of McIntosh county did not have jurisdiction of the person of White, and should not have tried the case. He did not appear or plead to the merits of the case, and did not waive the want of jurisdiction. Nevertheless the suit was prosecuted to judgment against him for $300; and a fi. fa. based upon this judgment was issued against him and his surety upon the replevy bond which he had given in the bail-trover suit. The fi. fa. is void, but it is about to be levied upon certain property as the property of the surety, Manson. The court granted an interlocutory injunction, and the defendants excepted.

We are of the opinion that the court erred in granting the injunction. Even if C. R. White, against whom the trover suit was brought, was not a resident of McIntosh county but was a resi-

dent of Telfair county, when he replevied the property seized under the bail-trover proceeding, giving the necessary replevy bond with surety, if he did not thereby waive the want of jurisdiction of his person in the superior court of McIntosh county, his failure to appear in the superior court and by proper plea set up the want of jurisdiction estops him now, we think, from objecting on the ground of want of jurisdiction. He could not sit silently by, allow judgment to be rendered and fi. fa. to be issued thereon, and then be heard to assert that the entire proceedings in McIntosh county were void because he was not a resident of that county. Equally vain is the petitioners' contention that the judgment and fi. fa. based thereon were void because there could be no valid process in this case, for the reason, as alleged, that the petition in the trover suit showed on its face that the defendant was not a resident of McIntosh county, there being no allegation that the defendant was a resident of McIntosh county. A failure to allege residence could have been cured by amendment, and was cured by a verdict. Only on the theory that the judgment and execution based thereon were void could the court have granted the injunction complained of; and the judgment and fi. fa. sought to be enjoined not being void, the injunction should have been refused.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*