FULLER *v.* CURRY.

GILBERT, J. On authority of *McConnell* v. *McConnell,* 135 *Ga.* 828 (70 S. E. 647), the court did not err in dismissing the petition on demurrer.

(*a*) The case of *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593), is distinguishable from *McConnell* v. *McConnell,* supra, in that the petition

in the *Watts* case was dismissed by the court on its own motion prior to final judgment.

(b) On the question of estoppel in such a case, compare authorities cited in *McLeod* v. *McLeod*, 144 *Ga.* at p. 360 (87 S. E. 286).

*Judgment affirmed. All the Justices concur.*

No. 5165. MAY 14, 1926.

Petition to set aside decree. Before Judge Bell. Fulton superior court. October 23, 1925.

Mrs. E. C. Fuller instituted in Fulton superior court against B. H. Fuller a libel for divorce. It alleged, among other things, that "defendant herein is a resident and citizen of the State and county aforesaid, and subject to the jurisdiction of this court." The defendant made the following acknowledgment of service on the petition: "Due and legal service of the above and foregoing petition for divorce acknowledged; all other and further service waived." Subsequently B. H. Fuller filed a petition reciting the granting of a total divorce between the parties, and praying that the disabilities imposed upon him thereunder be removed; which petition was granted. Afterward he filed against Mrs. Elizabeth Curry (the plaintiff in the suit for divorce) an equitable petition setting up that at the time he acknowledged service as above stated he did not know that it was alleged in said suit that he was a citizen and resident of Fulton County, and did not know of the same until after he had procured the judgment removing his disabilities; that he has never been a resident of Fulton County, but at the time of the filing of said suit for divorce and the trial of the case resided in Gordon County; that he had just recently learned of the provision of law requiring that suits for divorce be brought in the county of the residence of the defendant, and of the allegation in the petition for divorce as to his residence; that the decree in said divorce proceeding was based upon the fraud of the plaintiff, in that she verified said petition, knowing at the time that the allegation therein as to the residence of defendant was untrue; that she testified falsely as to his residence, and procured the acknowledgment of service when he did not know of the allegation as to his residence; that this constituted a fraud upon the court and petitioner, and that the decree of divorce and the judgment removing his disability are consequently null and void. The prayer is that both be set aside and declared to be null and void.

The defendant demurred to the petition, on the grounds, that it is without equity; that petitioner is estopped to question the validity and legality of the decree for divorce and the judgment removing his disabilities; and that it does not set forth a cause of action. The demurrer was sustained and the petition dismissed. The plaintiff excepted.

*Joe M. Lang,* for plaintiff. *Weltner & Sims,* for defendant.