# BILBO v. BILBO.

HINES, J. 1. Pleas to the jurisdiction must be made in person, and, when relied on, be pleaded specially unless want of jurisdiction appears on the face of the proceeding, in which case it may be taken advantage of on motion. Civil Code (1910), § 5665.

2. A plea to the jurisdiction, when no want of jurisdiction appears on the face of the petition, is a dilatory plea; and it will not be considered unless filed at the first term, made in person, and sworn to. Civil Code (1910), § 5641; *Smith* v. *Rawson*, 61 *Ga.* 208; *Hall* v. *Tiedeman*, 141 *Ga.* 602 (81 S. E. 868).

3. Where on November 15, 1927, a wife instituted, in Campbell superior court, a plenary suit against her husband for temporary and permanent alimony and for the writ of ne exeat, alleging that he was a resident of said county at the time of the institution of the suit, and where he was personally served with a copy of the petition and process, returnable to the February term, 1928, of that court, and where he filed no plea to the jurisdiction, and after that term, upon the hearing of a rule calling upon him to show cause why temporary alimony should not be granted, the court granted the wife temporary alimony; and where, upon failure to pay the alimony so awarded, she instituted a proceeding to have him attached for contempt, he could not be heard to assert, in his answer to the contempt proceeding, that the suit in Campbell County was void, because he was not a resident of that county when it was instituted, but that he then was and had ever since been a resident of Dougherty County; and the court did not err in sustaining a demurrer to so much of his answer as undertook to set up want of jurisdiction of his person in the alimony suit. *Hunter-Benn* v. *White*, 144 *Ga.* 580 (87 S. E. 775).

5. The judge did not err in adjudging the defendant in contempt.

*Judgment affirmed. All the Justices concur.*

No. 6803. DECEMBER 14, 1928. REHEARING DENIED JANUARY 23, 1929.

*William B. Jones,* for plaintiff in error.

*Frank T. Grizzard* and *H. F. Sharp,* contra.

ON MOTION FOR REHEARING.

HINES, J. In the motion for rehearing it is insisted that we overlooked the fact that there were two distinct causes pending in Campbell superior court, one being the suit for alimony, and the other being the contempt proceeding. The contempt proceeding was brought against the defendant in the alimony suit for his failure and refusal to comply with the order of the court requiring him to pay to his wife temporary alimony. In his answer to the contempt proceeding the defendant does not set up want of jurisdiction of the court to hear this proceeding, but sets up that the judgment granting temporary alimony is void because of lack of jurisdiction over his person in the alimony suit. But if he had pleaded that the court had no jurisdiction to entertain the contempt proceeding, such defense would be without merit. The jurisdiction of the contempt proceeding is an incident of the alimony suit; and the court passing the alimony order has jurisdiction to attach the defendant in the alimony suit for contempt, although, at the time the contempt proceeding is brought, he may reside out of the county where the alimony suit was brought, if he

can be found and served within the jurisdiction of the court. *Hackel* v. *Bird,* 142 *Ga.* 712 (83 S. E. 667).

It is next insisted that we overlooked the decision in the case of *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593). We did not overlook this decision, but on the contrary gave it careful consideration. It is true that we did not refer to it in the opinion rendered. In that case lack of jurisdiction appeared upon the face of the record, and was taken advantage of before judgment.

In the next place, it is insisted that we overlooked the provision of our statute and the constitution that suits must be brought in the counties of the residences of defendants. These provisions have no application to proceedings for contempt for disobedience of an order of the court passed in a case of which the court has jurisdiction.

The motion for rehearing is without merit; and is denied.