## HAYGOOD *v.* HAYGOOD.

No. 13158. June 12, 1940.

*Thomas E. McLemore,* for plaintiff in error.

*Thomas C. Denmark,* contra.

ATKINSON, Presiding Justice. In *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593), it was held: "The venue of a divorce suit, where the plaintiff and the defendant reside in different counties in this State, is the county of the residence of the defendant. (*a*) Where both parties reside in different counties in this State, the defendant in a divorce suit can not, by acknowledgment of service and agreement that the case be tried in the county of the residence of the plaintiff, confer power upon the court to render a valid judgment. (*b*) Where, for reasons indicated in the preceding divisions of this headnote, the court is without jurisdiction of a divorce suit, and the defendant attempts, by waiver or consent, to confer jurisdiction, the trial judge may upon his own motion dismiss the suit, even after the rendition of the first verdict finding in favor of the grant of a divorce." As pointed out above, the divorce suit was on trial, and the case had not proceeded to decree of divorce as in the instant case. Consequently the quoted decision is not binding as a precedent in the instant case, where the divorce case had proceeded to a decree, and the attack is upon that judgment. But the principles of that decision are nevertheless applicable to the instant case. They were thus stated in the opinion: "In actions which are strictly personal, where the interests of third persons are not affected, a defendant may ordinarily waive the jurisdiction over his person, where the court has jurisdiction over the subject-matter. Civil Code, §§ 5079, 5080 [Code of 1933, §§ 24-112, 81-503]. *Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618 (48 S. E. 228) ; *Epps* v. *Buckmaster,* 104 *Ga.* 698 (30 S. E. 959). The plaintiff in error contends

that this rule applies to the case at bar. To this contention we can not agree. A divorce suit affects not merely the formal parties before the court, but society at large. 9 Am. & Eng. Enc. L. (2d ed.), 728-9 (4). On account of the peculiar interest of the public in the preservation of domestic relations, provisions have been made by the constitution of this State, and by legislative enactment, which take divorce suits out of the rules that govern other actions, and place restrictions around them indicating a policy to hinder facility in the procurement of divorces. This has been true ever since the adoption of the constitution of 1798. In *Head* v. *Head,* 2 *Ga.* 191, 194, it was said: 'It must be apparent to the most careless reader that the constitution of 1798 is in restraint of divorces; the wise framers of that instrument were careful to hinder facility in their procurement.' In our present Code we find that the superior court alone has jurisdiction to grant divorces, and that a total divorce can not be granted by that court except upon the concurrent verdicts of two juries at different terms of the court. Civil Code, §§ 2425, 5867 [§§ 30-101, 2-4201]. Nor can a person obtain a divorce who has not been a bona fide resident of the State twelve months before the filing of the suit. Civil Code, § 2431 [§ 30-107]. Nor can a verdict or judgment by default be taken in a suit for divorce. The allegations of the petition must be established by evidence before the juries. Civil Code, §§ 2440, 5074 [§ 30-113]. Again, 'in divorce cases proceeding ex parte, it is the duty of the judge to see that the grounds are legal and sustained by proof, or to appoint the solicitor-general, or some other attorney of the court, to discharge that duty for him.' Civil Code, § 2455 [§ 30-129]. These and other laws peculiar to divorce suits clearly indicate an intention upon the part of the lawmaking power to impede the facility for obtaining divorces; and such purpose can only be attributed to a zealous regard for the well-being of society. Divorce suits affect not only the formal parties to the suit, but the entire social fabric as well. Therefore the provisions of the Civil Code, §§ 5079, 5080 [§§ 24-112, 81-503], which authorize parties in certain cases to waive jurisdiction, do not apply to a divorce suit. A party may ordinarily waive a right in so far as it affects himself, but not where the waiver might affect others. In fixing the venue for the trial of divorce suits, they were put in a class separate and distinct from all other suits; and it was pro-

vided, in article 6, section 16, paragraph 1, of the constitution of the State of Georgia (Civil Code, § 5869 [§ 2-4301]), that 'Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides.' This provision of the constitution is mandatory and exhaustive, and has no qualification which authorizes jurisdiction to be conferred, by consent or otherwise, elsewhere than as expressly provided in the excerpt which we have just quoted. This provision of the constitution is in keeping with the general policy of the law already pointed out; and, in view of the welfare of society, there was manifestly an intent to withhold from the parties to the suit, who were not solely to be affected, the power, by waiver, to confer jurisdiction upon courts in counties other than those provided for by the express terms of the constitution. The superior court of Paulding County was without jurisdiction to render a valid judgment in this case, and it was proper for the judge, at any time while the suit was pending, to dismiss the same upon his own motion."

In *Odum* v. *Odum*, 132 *Ga.* 437, 439 (64 S. E. 470), it was said: "It is true that in a suit for divorce jurisdiction of the court can not be waived so as to permit a suit for divorce to be brought in a county other than that of the residence of the defendant." Citing Code, § 10 [§ 102-106], and *Watts* v. *Watts,* supra. In *Jones* v. *Jones,* 181 *Ga.* 747 (184 S. E. 271), alimony founded on a divorce suit was awarded the wife. In a proceeding for contempt in failing to pay the alimony the husband was adjudged in contempt, and the judgment was reversed. The following headnotes reveal the case and decision: "1. In a court which has jurisdiction of the subject-matter of a suit, jurisdiction of the person may be acquired of one who voluntarily waives his right to object and submits himself to the jurisdiction of the court. To this general rule cases of divorce and alimony present exceptions. The petitioner in an action of divorce carries the burden of proving the jurisdiction of the court; and this duty is no less incumbent upon the defendant who asks for alimony. In neither instance can jurisdiction be conferred by consent or by waiver. 2. By constitutional provisions, statutory enactments, and judicial pronouncement, a public policy has been declared and enforced, looking to the use of the closest scrutiny in all cases that affect the severance of the matrimonial

relation. The law not only requires that divorces must be granted by different juries at several terms of the court, but it forbids that a divorce shall be granted if there be evidence of collusive consent. 3. In a petition to set aside a judgment, the petitioner must prove by the preponderance of the evidence that the judgment is void; but where no motion to set aside the judgment is made, one whose interest is affected thereby may attack the judgment directly, if shown by the record to be absolutely void ab initio; this as matter of law, and without filing a petition to set aside the judgment. 4. In the present case the husband alleged that the wife was not a resident of the State of Georgia. The wife in her answer alleged she was a resident of the State of Georgia. The verdict in favor of divorce is void, for the reason that the husband could sue only in the county of his wife's residence. If the answer of the wife be taken as true, or if she was in fact a non-resident of the State, there having been no service by publication or otherwise, the judgment for·divorce was void. 5. It does not appear from the petition and answer, construed together, that either of the parties to the divorce proceeding was properly within the jurisdiction of the court; and this case is one in which if there was no divorce there could be no alimony. . . 7. The court erred in finding that the original judgment for divorce was not void, and therefore erred in requiring the payment of alimony and in attaching the respondent as for contempt."

In the opinion by Mr. Chief Justice Russell, it was said, in part: "The question as to the validity of the judgment or decree upon which the alimony in this case is based is necessarily controlling. If the court was without jurisdiction to render the judgment, it is void; and the question arises as to whether there is any legal proceeding that can breathe life into a corpse. Art. 6, sec. 16, par. 1, of the constitution declares that 'Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides.' It appears from the petition upon which the final decree of divorce and alimony is based that it was alleged that 'Anna D. Jones is a non-resident of the State of Georgia (but petitioner does not know the city or town in which she resides).' Also, 'Petitioner was then and has been since, a bona fide resident of the State of Georgia·twelve months next before the

filing of this application.' These are the only paragraphs of the petition which allege the residence of either party or throw any light on the subject of jurisdiction. An examination of the record shows that there was no service upon the defendant as a non-resident, by publication or otherwise. The wife, however, appeared in person and by attorney at the time of trial, and filed an answer in which she denied the allegation that she was a non-resident of Georgia. Upon these pleadings the case went to trial, and two consecutive verdicts were rendered granting the divorce as prayed for; and the second verdict was followed by the grant of alimony to the wife.

"Then, did the court have jurisdiction? For without jurisdiction the judgment is void. Even if the wife were willing to submit to the jurisdiction of the superior court of Bibb County, and if the husband selected it as the forum in which he desired to bring his suit, the question arises whether they could confer jurisdiction by consent in a case of divorce, where under the policy of the law a divorce by consent or collusion is never granted. If the plaintiff wished to bring a suit against his wife for divorce, and she was not a non-resident of the State, he would have to proceed in the county of her residence in order to procure a valid divorce. The statement of the petitioner and the denial in the answer, without anything further appearing on the face of the proceeding, merely doubled the doubt and confusion as to which court in Georgia had jurisdiction. Jones asserts that the court should not have attached him for contempt, because the original judgment is void. Counsel for the defendant in error assert with skill and great vehemence that the judgment is not void, or, if originally for any reason void, that it has been ratified by the payment of alimony on several occasions; and that the ruling of the court on a prior effort to modify the judgment is now res judicata, and the respondent, not having taken exception to that judgment, is bound thereby. The Code of 1933, § 110-709, declares that 'The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it.' In *Towns* v. *Springer*, 9 *Ga.* 130, it was said: 'The assailability of a judgment of a court of competent jurisdiction for *irregularity* [italics mine] is one thing—of a judgment of a court not having jurisdiction, for the want of jurisdiction, is a very different

thing. In the latter case the judgment may be impeached whenever and wherever it is sought to be used as a valid judgment, no matter in what way it is proposed to be used.' In this case, in the hearing on the attachment for contempt, there was uncontradicted evidence that Mrs. Jones is a citizen of Fulton County, Georgia, was such at the time when the divorce proceeding was instituted, and has been such ever since. To our minds, it follows that this judgment was void ab initio. It matters not how often it may have been submitted to, or what has been done in various ways, as cited by counsel, if it was void for want of jurisdiction of the court to render it, no spark could be inspired which could give it validity. The original suit, upon the evidence before the court, could not have been legally brought elsewhere than in Fulton County; and the answer of the defendant impeaching the statement of the petitioner that she was a non-resident was not at all in conflict with the evidence introduced that she was a resident of Fulton County."

As indicated above, neither of the cited cases was a suit in equity, as in the instant case, seeking to declare verdicts and a decree of divorce void and of no effect, on the ground that the court granting the divorce was without jurisdiction. In *McConnell* v. *McConnell,* 135 *Ga.* 828 (70 S. E. 647), and *Fuller* v. *Curry,* 162 *Ga.* 293 (133 S. E. 244), the principles announced above were recognized, but on the principle of estoppel it was held that the defendant, who had participated in the divorce suit by acknowledging service and jurisdiction of the court, could not afterward come into equity and ask the affirmative relief of setting aside the verdicts and decree for want of jurisdiction. In the *McConnell* case it was said that in the circumstances the plaintiff in the equity suit did not come with clean hands. This is different from the instant case, where no such facts appear upon which to deny the defendant entry to the court of equity. The case on demurrer stands on the allegation of the petition charging want of jurisdiction because the defendant, a resident of this State did not reside in Fulton County when the suit for divorce was instituted. In the face of such allegation, no presumption of jurisdiction can prevail on the basis of the verdicts and decree of divorce. The equitable suit is in the same court, and between the same parties, as the divorce suit had been, and is a direct attack on the verdicts and decree of divorce. Compare *Bowers* v. *Dolen,* 187 *Ga.* 653 (2) (1 S. E. 2d, 734);

*Thomas* v. *Lambert,* 187 *Ga.* 616 (2) (1 S. E. 2d, 443): On principles already stated, the petition alleged sufficient ground for declaring the verdicts and decree of court void for want of jurisdiction of the court. This is not in any way opposed to the ruling in *Bilbo* v. *Bilbo,* 167 *Ga.* 602 (146 S. E. 446), or in *Hunter-Benn & Co.* v. *White,* 144 *Ga.* 580 (87 S. E. 775). Those cases did not involve divorce suits, and were not such as the defendant could not individually waive the jurisdiction thereof. Nor is the present ruling opposed to the decision in *Johnson* v. *Johnson,* 188 *Ga.* 800 (4 S. E. 2d, 807), where the question of jurisdiction was actually litigated in the divorce suit, which resulted in verdicts and a decree of divorce. The rulings announced in headnotes other than the fourth do not require elaboration.

*Judgment affirmed. All the Justices concur.*

JENKINS and DUCKWORTH, JJ., concur in the judgment of affirmance, but dissent from the ruling that the allegations of the petition stated a cause of action on the ground that the court rendering the divorce decree was without jurisdiction.