## DAVIS *v.* DAVIS.

JENKINS, Justice. This is a proceeding at law, in the nature of a motion brought by a former husband who was the defendant in a previous divorce and alimony case, to set aside verdicts and a judgment, on the ground that the parties were not residents of the county where the divorce and alimony suit had been brought, but of another county in this State. His petition alleged fraud and collusion between the parties as to the jurisdiction of the court. The defendant in this proceeding, the former wife, while denying lack of jurisdiction in the former case, and denying fraud and collusion therein with respect to the jurisdiction of the court, set up in effect a plea of estoppel, by showing that the plaintiff was not entitled to the relief sought, for the reason that by his answer he expressly admitted the jurisdiction of the court in the previous case, participated therein, came into the court after the decree denying him the right to remarry, and had such disability removed, and married another woman. In the present proceeding the evidence as to where the parties in fact resided was in conflict; but the plea of the former wife, setting up the husband's admission of jurisdiction, participation in the divorce case, removal of his disability to remarry, and remarriage, was undisputed; and he himself testified as to such removal of disability and remarriage. The jury found in favor of the former husband and in favor of setting aside the previous verdicts and decree. The judge granted a new trial. *Held*,

(a) Under the principles set forth in *McConnell* v. *McConnell*, 135 *Ga.* 828 (70 S. E. 647), and *Fuller* v. *Curry*, 162 *Ga.* 293 (133 S. E. 244), cited in *Haygood* v. *Haygood*, 190 *Ga.* 445 (9 S. E. 2d, 834, 839), the defendant, having participated in the former divorce suit, having admitted the jurisdiction of the court, and having obtained the benefit of the decree by another marriage, could not afterwards have the verdicts and decree set aside for want of jurisdiction. Accordingly, the verdict in favor of the former husband and against the former wife was contrary to law, and the court did not err in granting a new trial. See 17 Am. Jur. 377, 381, 390 (§§ 460, 461, 466, 478); 19 C. J. 168, 170 (§§ 416, 422).

(b) Under the holding as made, it is unnecessary to give application to the principle that, unless the verdict was demanded by the law and the evidence, the first grant of a new trial will not be disturbed. *Glenn* v. *Tankersley*, 187 *Ga.* 129 (200 S. E. 709); *Van Giesen* v. *Queen Insurance Co.*, 132 *Ga.* 515 (2) (64 S. E. 456); *Carr* v. *Carr*, 157 *Ga.* 208 (121 S. E. 227); *Ga. So. & Fla. Ry. Co.* v. *Bryan*, 15 *Ga. App.* 253 (2) (82 S. E. 913); *Williams* v. *State*, 27 *Ga. App.* 224 (2), 226 (107 S. E. 620).

(c) No question arises in this case as to what the rule would be if the principle of estoppel on the part of the plaintiff former husband had not been involved. See *Haygood* v. *Haygood,* supra; *Johnson* v. *Johnson,* 188 *Ga.* 800 (4 S. E. 2d, 807).

*Judgment affirmed. All the Justices concur.*

No. 13457. NOVEMBER 15, 1940. REHEARING DENIED DECEMBER 5, 1940.

*Arthur F. Copland,* for plaintiff in error.
*Love & Fort,* and *G. Seals Aiken,* contra.