CRENSHAW *v.* CRENSHAW.

BELL, Chief Justice. 1. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." Code, § 110-503.

2. Where a husband filed against his wife, in the superior court of Fulton County, a suit for total divorce on the ground of cruel treatment, alleging that he was a bona fide resident of Georgia and had been for more than twelve months before instituting the action, and that his wife was a resident of Illinois, and where the wife appeared and filed an answer denying the allegations of the husband as to his residence in Georgia, and further denying his allegations as to ·cruel treatment, and where upon the pleadings as thus framed two verdicts at different terms of the court were returned, each finding for the plaintiff a total divorce, and a decree of total divorce was thereupon entered in his favor, a proceeding filed by the wife at a subsequent term of the court, showing the facts above stated, and seeking to have such verdicts and judgment set aside on the ground that the husband was in fact a nonresident of Georgia at the time of instituting his action for divorce, and that his claim of residence in Georgia constituted a fraud both on the defendant and on the court, was subject to demurrer as showing a previous conclusive determination of the issues as to residence and jurisdiction, in the absence of any averment indicating that the wife did not know the facts touching these issues or could not by due diligence have discovered them in time to present them to the court before the final verdict in the divorce action. *Fuller* v. *Curry*, 162 *Ga.* 293 (133 S. E. 244); *Bilbo* v. *Bilbo*, 167 *Ga.* 602 (146 S. E. 446); *Rawleigh Co.* v. *Seagraves*, 178 *Ga.* 459 (173 S. E. 167); *Sumner* v. *Sumner*, 186 *Ga.* 390 (197 S. E. 833).

(a) Moreover, when the motion or petition to set aside the verdicts and judgment is construed most strongly against the pleader, as should be done on general demurrer, it affirmatively appears therefrom that the wife was fully aware of all the facts pleaded therein before the verdicts and, decree were rendered. ° *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867).

(b) Notwithstanding the State has an interest in all divorce cases (*Watts* v. *Watts*, 130 *Ga.* 683, 61 S. E. 593), the wife, as the party attacking the verdicts and judgment, was not relieved of their conclusiveness merely because they were rendered in a divorce case. Nor was she entitled to set them aside except under rules applicable to such attacks generally. *Leathers* v. *Leathers*, 138 *Ga.* 740 (76 S. E. 44); *Fuller* v. *Curry*, supra; *Drake* v. *Drake*, 187 *Ga.* 423 (5) (1 S. E. 2d, 573); *Young* v. *Young*, 188 *Ga.* 29 (2 S. E. 2d, 622); *Johnson* v. *Johnson*, 188 *Ga.* 800 (4 S. E. 2d, 807); *Davis* v. *Davis*, 191 *Ga.* 333 (11

S. E. 2d, 884). Nothing to the contrary was held in *Jones* v. *Jones,* 181 *Ga.* 747 (184 S. E. 271), or *Haygood* v. *Haygood,* 190 *Ga.* 445 (9 S. E. 2d, 834, 130 A. L. R. 87), both of which cases are distinguishable on their facts from the instant case.

(c) In the brief filed for the wife in this court, it is stated that all concerned have apparently treated the present proceeding as an equitable petition to set aside the verdicts and judgment, and in what has been ruled above this court has dealt with it upon that theory. In this view, the court did not err in sustaining the general demurrer and dismissing the proceeding so far as it related to residence and jurisdiction.

3. The proceeding to set aside the verdicts and judgment was captioned as a pleading in the divorce suit, and prayed only that "the verdicts and judgment for divorce in the above-stated case be set aside for fraud by proper order of the court and declared null and void." Apparently, therefore, it was not an independent suit in equity, as suggested, but was a motion to set aside a judgment based on matters not appearing on the face of the record, and was thus in substance and effect a motion for a new trial. In this view, the proceeding was fatally defective for the additional reasons: (a) It was not accompanied by a brief of evidence (*Fireman's Insurance Co.* v. *Oliver,* 176 *Ga.* 80, 167 S. E. 99; *Lucas* v. *Lucas,* 179 *Ga.* 821, 177 S. E. 684; *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (1 e), 177 S. E. 685); (b) it was not filed during the term at which the final verdict was rendered, as an ordinary motion for new trial, and did not show grounds for filing at a subsequent term as an extraordinary motion (Code, §§ 70-301, 70-303); and (c) it appeared from an inspection of the record in the same cause, that is, the divorce case (*Crenshaw* v. *Crenshaw,* 197 *Ga.* 767, 30 S. E. 2d, 480), that a previous motion for new trial based on the same grounds had been made and overruled, thus barring the present or second motion upon such grounds. *Wimpy* y. *Gaskill,* 76 *Ga.* 41 (5); *Leathers* v. *Leathers,* supra; *Sumner* v. *Sumner,* supra; *Ellis* v. *First National Bank of Atlanta,* 182 *Ga.* 641 (2) (186 S. E. 813); *Manry* v. *Stephens,* 190 *Ga.* 305 (9 S. E. 2d, 58).

4. The contention that the verdicts and judgment were void and should be set aside, for the reason that the plaintiff had instituted the suit for divorce without paying the court costs that had accrued in an action for divorce which he had previously filed and dismissed, came too late when made for the first time in such motion or petition to set aside the verdicts and judgment, since a failure to pay the costs of the former proceeding would merely have constituted ground for abatement, and should have been urged at the first or appearance term of the second action. Code, §§ 3-508, 81-403; *Sparks Improvement Co.* v. *Jones,* 4 *Ga. App.* 61 (60 S. E. 810).

5. Since the motion or petition to set aside the verdicts and judgment was subject to the general demurrer, and there was no request for a continuance or leave to amend, there is no merit in the suggestion of the plaintiff in error that the judgment should not be unconditionally affirmed, but that this court should give direction that she be afforded an opportunity to amend. *Judgment affirmed. All the Justices concur.*

No. 14955. OCTOBER 6, 1944. REHEARING DENIED NOVEMBER 22, 1944.

*Georgia C. Crenshaw,* pro se, and *James J. Slaton,* for plaintiff.
*Howard, Camp & Tiller,* for defendant.