18786. PHILLIPS, by next friend, *v.* PHILLIPS, administratrix, *et al.*

Argued November 8, 1954—Decided January 12, 1955.

J. D. Godfrey, Casey Thigpen, for plaintiff in error.
Irwin L. Evans, McMillan, Dukes & McMillan, contra.

CANDLER, Justice. This case involves divorce, death, and dollars. During December, 1948, Walter C. Phillips filed a suit for

divorce against his wife, Mary Frances Phillips, in the Superior Court of Washington County, on the ground of cruel treatment. Mrs. Phillips acknowledged service and consented in writing for the case to be tried at the appearance term. She was at that time pregnant, and she and her husband agreed in writing that he would pay her $50 as and for the expense of her confinement and $950 if her child should be born alive and live, the latter amount to be due and payable by installments of $10 per month and on the first day of each succeeding month after the birth of child. The contract recites that the $1,000 which Phillips obligated himself to pay was a full and complete settlement of his liability for alimony, including support for their unborn child. The judge tried the case without a jury and granted the divorce which Phillips prayed for. He relieved Mrs. Phillips of her disabilities and specifically granted to each of the parties the right to contract marriage anew. He also approved the contract which Mr. and Mrs. Phillips had made for her alimony and for the support of their unborn child and made it a part of his final decree. Later Phillips married again, and a child was subsequently born to him and his second wife. He died intestate on December 21, 1952. This litigation was instituted on May 22, 1954, by Lawrence Therston Phillips, a minor four years of age, through a next friend, against Mrs. Marvell F. Phillips, as administratrix of the estate of Walter C. Phillips, and against Mrs. Mary Frances Phillips, the plaintiff's mother. Briefly and in substance, the petition alleges that the marriage between Walter C. Phillips and Mary Frances Phillips, parents of the plaintiff, was never legally dissolved; that the pretended divorce which Walter C. Phillips obtained was void and therefore a nullity, because the defendant, Mary Frances Phillips, was not a resident of Washington County at the time his father's divorce suit was filed against her, but was then, and also when the divorce decree was rendered, a bona fide resident of McDuffie County, Georgia; that Walter C. Phillips' second marriage to Marvell F. Phillips was bigamous and therefore void; and that Mrs. Marvell F. Phillips and her child are not heirs at law of Walter C. Phillips. It was also alleged in the petition that the contract between the plaintiff's parents, which purports to provide for his support as a minor, is null and void since it violates

public policy. There is a prayer for process; that the decree granting a divorce between the plaintiff's parents be set aside; that the contract and the decree, which purport to provide for the plaintiff's support as a minor child, be canceled and set aside; and that general relief be granted to the plaintiff. Neither of the two defendants filed any defensive pleadings within thirty days after they were served with a copy of the petition and process, and the case was adjudged to be in default. Before any final judgment was rendered in the cause, Mrs. Marvell F. Phillips, as administratrix, moved to open the default and her motion alleges a providential reason which prevented her from filing a plea within the time allowed by law. After she had paid the costs which had accrued, offered to plead instanter, announced ready to proceed with the trial, and introduced evidence in support of her motion, the trial judge opened the default and she filed a general demurrer, which attacked the sufficiency of the petition to state a cause of action for any of the relief sought. Her demurrer was sustained and the petition was dismissed. The plaintiff excepted both to the judgment opening the default and to the judgment dismissing her petition on general demurrer.

■ Where a petition sets forth no cause of action for any of the relief sought thereby, it is certain that the defendant may make the point either by demurrer before trial, by motion to dismiss at the trial term, by motion in arrest of judgment at the term at which the verdict is rendered, by direct writ of error within the time prescribed by law, or by motion to set aside the judgment at any time within three years from the rendition of the judgment. *Kelly* v. *Strouse*, 116 *Ga.* 872, 893 (43 S. E. 280). This being true, we will first deal with the judgment dismissing the petition on general demurrer; and we do so for the reason that the plaintiff could not have been injured by the other judgment excepted to if his petition failed to state a cause of action for any of the relief sought. Even error, if without injury, does not require a reviewing court to reverse a judgment. *Rushing* v. *Akins*, 210 *Ga.* 450, 452 (80 S. E. 2d 813). That a minor child of a deceased father, who obtained a divorce from the child's mother, has no right to have the divorce decree set aside for a fraud which his father practiced upon the court in its procurement, is the attack here made upon the sufficiency of the petition

to state a cause of action for the relief sought. Respecting judgments, it is the general rule that none but the parties to a judgment valid on its face can move directly for its nullification, that is, that "a third person not a party to the record can not go into a court and move to set aside a judgment which is not against him." *Merchants &c. Nat. Bank* v. *Haiman,* 80 *Ga.* 624 (2), 627 (5 S. E. 795). In 17 Am. Jur. 390, § 479, it is said: "The general rule that strangers to the record have no standing on which to base an application to vacate a judgment unless so authorized by statute ordinarily applies to judgments and decrees of divorce, including those rendered in a foreign country. Thus, while the children of the marriage have an interest which may indirectly and from a sentimental point of view be affected by a decree divorcing their parents, they have no such interest as will enable them to maintain a bill to set aside such a decree." And it is also said in 27 C. J. S. 813, § 170: "Ordinarily, the right to have an invalid divorce decree set aside exists only in favor of the injured spouse, and does not exist in a person who was a stranger to the suit." It has been stated, as the underlying basis of this general rule, that "to permit third persons to become interested after judgment, and overturn adjudications to which the original parties made no objection, would encourage litigation, and disturb the repose beneficial to society." 1 Freeman on Judgments (5th ed.), 521, § 258; Id. 636, § 319. These principles have been applied in this State to independent equitable proceedings seeking to impeach a previous judgment. *Suwannee Turpentine Co.* v. *Baxter,* 109 *Ga.* 597, 603 (35 S. E. 142); *Jones* v. *Smith,* 120 *Ga.* 642, 644 (48 S. E. 134). They also obtain fully in attacks on decrees for divorce, which, although disfavored by the policy of the State because of the interest of society (*Watts* v. *Watts,* 130 *Ga.* 683, 61 S. E. 593), may, after grant, vitally affect the status of innocent persons relying thereon, and therefore are not be set aside more freely than other judgments. See *Axtell* v. *Axtell,* 183 *Ga.* 195 (187 S. E. 877); 1 Freeman on Judgments (5th ed.), 528, § 264. But it is contended in the case at bar, and we agree, that the general rule, which allows only the parties to a judgment to attack and thus question its validity, has been relaxed in this State by Code § 37-813, which declares that "equity will grant relief as between the original parties [to

a judgment] or their privies in law, in fact, or in estate," except as therein stated. However, the privity either in law, in fact, or in estate, which will permit one to attack and thus question the validity of a judgment to which he is not a party has no personal basis as a mere matter of sentiment, but rests upon some actual "mutual or successive relationship to the same right of property." *Thomas* v. *Lambert,* 187 *Ga.* 616 (1 S. E. 2d 443), and the authorities there cited; *McLeod* v. *McLeod,* 144 *Ga.* 359 (87 S. E. 286). In this case, as shown by our statement of the facts, the plaintiff seeks to set aside a divorce decree between his deceased father and his living mother. If successful in this, he and his mother will inherit the estate of his intestate father to the exclusion of his father's second wife and her minor child by him. For his right to do so, he relies upon the privity which exists between him and his deceased father. This being so, we do not think that the petition shows any right in him to question the validity of the divorce decree which he attacks. Having obtained the decree, his father would have been conclusively estopped in law to assail its validity to the prejudice of innocent parties (*McConnell* v. *McConnell,* 135 *Ga.* 828, 70 S. E. 647; *Fuller* v. *Curry,* 162 *Ga.* 293, 133 S. E. 244; *Johnson* v. *Johnson,* 188 *Ga.* 800, 4 S. E. 2d 807; *Davis* v. *Davis,* 191 *Ga.* 333, 11 S. E. 2d 884; *Crenshaw* v. *Crenshaw,* 198 *Ga.* 536, 32 S. E. 2d 177; *Fender* v. *Crosby,* 209 *Ga.* 896, 76 S. E. 2d 769); and it is an elementary principle of law that a privy, either in law, fact, or estate, has no greater right than the one with whom he is in privity. Accordingly, since the plaintiff's father would have been estopped in law to attack and thus question the validity of the divorce which he procured from the plaintiff's mother, it logically follows that the plaintiff himself is also estopped to do so. What is here ruled is not in conflict with the decision in *Christopher* v. *Christopher,* 198 *Ga.* 361 (31 S. E. 2d 818). For the distinguishing reason see *Fender* v. *Crosby,* supra.

As to the contract for alimony, including support for the plaintiff, then an unborn child, the record shows that it was approved by the court and afterwards incorporated in and made a part of the final decree. The petition attacks the validity of the contract and the validity of the decree for alimony only on the ground that they are contrary to public policy. On this

ground it is clear to us that the petition utterly fails to state a cause of action either for canceling the contract or for setting aside the decree for alimony. When the contract was approved by the court and incorporated in and made a part of the final decree, the plaintiff was a ward of the court, and it does not appear from any fact alleged in the petition that the provision thus made for the plaintiff's support was not in keeping with or disproportionate in any way to the father's ability to provide for the care and support of the plaintiff. See, in this connection, *Saliba* v. *Saliba*, 202 *Ga.* 279 (3) (42 S. E. 2d 748); *Dooley* v. *Scoggins*, 208 *Ga.* 200 (66 S. E. 2d 62).

3. Since the petition failed to state a cause of action for any of the relief sought, it is not necessary for us to rule on the other assignment of error which complains of an antecedent ruling respecting practice and procedure. Even if erroneous, the plaintiff, in the circumstances of this case, was not injured by that judgment. See *O'Connor* v. *Brucker*, 117 *Ga.* 451 (3) (43 S. E. 731), where it was said: "Even though a defendant be in default, yet, if the petition states no cause of action, the defendant may at the trial move to dismiss, or request the court to charge the jury that the plaintiff is not entitled to recover; and a failure of the court to sustain the motion or to charge as requested may be taken advantage of by direct bill of exceptions."

From what has been said in the three preceding divisions of this opinion, it follows that no reversible error is shown by the record.

*Judgment affirmed. All the Justices concur. Wyatt, P. J., concurs in the judgment only.*