## 31343. THOMPSON v. THOMPSON.

INGRAM, Justice.

The dismissal of appellant's equitable complaint in the Superior Court of DeKalb County produced this appeal. The complaint was brought under Code Ann. § 81A-160 (e) (Cum. Supp. 1975) and it sought to vacate a final divorce decree granted earlier to appellant's husband in that court. We reverse and remand for an evidentiary hearing.

Appellant had executed a property settlement and child custody agreement, an acknowledgment of service and an agreement for trial, all of which were incorporated into the final divorce decree. She sought to attack that decree on the grounds that the Superior Court of DeKalb County lacked jurisdiction to grant the divorce; that she had executed the agreements under fraud and duress; and, that the parties had continued cohabiting during the pendency of the divorce proceedings.

The superior court dismissed appellant's complaint on the ground of estoppel. This dismissal was based on the general rule that parties to stipulations and agreements entered into in the course of judicial proceedings will not be permitted to take positions inconsistent therewith in the absence of fraud, duress or mistake. In accordance with this rule there are a number of cases in which parties to divorce proceedings who had acknowledged service and admitted residency were estopped thereafter to claim that the court rendering the divorce decree was without jurisdiction to grant it. See, generally, *McConnell v. McConnell,* 135 Ga. 828 (70 SE 647) (1910); *Fender v. Crosby,* 209 Ga. 896 (76 SE2d 769) (1953); *Wetherington v. Wetherington,* 216 Ga. 287 (116 SE2d 234) (1960); *Grayson v. Grayson,* 217 Ga. 133 (121 SE2d 34) (1961). However, as the rule states, it is not applicable if the complaining party's consent to the agreement was obtained by fraud, duress or mistake. See *Haygood v. Haygood,* 190 Ga. 445 (9 SE2d 834) (1940); *Riley v. Riley,* 223 Ga. 626 (157 SE2d 285) (1967); and, see also, *Don v. Don,* 162 Ga. 240 (1) (133 SE 242) (1926).

In the present case, appellant entered into agreements prejudicial to her interests at the office of

counsel retained by her husband without the advice of independent counsel, whom she at that time did not desire to represent her. She alleged that her husband, an expert in the field of psychological warfare, had practiced brainwashing techniques on her. She further alleged that she was suffering from severe emotional difficulties when the agreements were executed and that these difficulties continued through the divorce proceedings. Appellant also alleged that the parties continued living together during the pendency of the divorce action and that her husband assured her during this time that the divorce action had been dropped by him. In addition, she contended that the DeKalb Superior Court lacked jurisdiction to grant the divorce because she had never been a resident there.

In our opinion, these allegations of fraud and duress were sufficient under Code Ann. § 81A-109 (b) (Rev. 1972) to require an evidentiary hearing. See *Keith v. Keith,* 231 Ga. 230 (200 SE2d 891) (1973), and *Bradberry v. Bradberry,* 232 Ga. 651 (3) (208 SE2d 469) (1964). The judgment of dismissal will be reversed and the case remanded to the trial court for an evidentiary hearing.

*Judgment reversed with direction. All the Justices concur.*

ARGUED JULY 14, 1976 — DECIDED SEPTEMBER 8, 1976.

*Hirsch, Beil & Partin, Jacob Beil, Alembik & Alembik, Judith M. Alembik,* for appellant.
*Hendon, Egerton, Harrison, Glean & Kovacich, Michael Anthony Glean,* for appellee.